IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GWYNETH GILBERT and MICHAEL MARTE, on behalf of themselves and the Putative Class,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>LANDS' END, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 3:19-cv-00823-jdp |
| STEPHANIE ANDREWS, et al. on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>LANDS' END, INC. and LANDS' END OUTFITTERS, INC.<br><br>　　　　　　Defendants. | Civil Action No. 3:19-cv-01066-jdp |

**DEFENDANT LANDS' END INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>SECOND MOTION FOR SANCTIONS</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND..................................................................................................1

III. ARGUMENT..........................................................................................................................4

    A. The Court Should Exclude the Vartest Results from the Case ................................4

    B. Plaintiffs' Discovery Misconduct Is Not Justified....................................................5

    C. Plaintiffs' Discovery Misconduct Is Not Harmless .................................................7

    D. The Court Should Award Lands' End's Costs Associated with the Motions for Sanctions ..................................................................................................8

IV. CONCLUSION.......................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

## CASES

*David v. Caterpillar, Inc.*,
  324 F.3d 851 (7th Cir. 2003) ...............................................................................................5

*Karum Holdings LLC v. Lowe's Companies, Inc.*,
  895 F.3d 944 (7th Cir. 2018) ...............................................................................................4

*Musser v. Gentiva Health Servs.*,
  356 F.3d 751 (7th Cir. 2004) ...............................................................................................4

*NorthMobileTech LLC v. Simon Property Grp., Inc.*,
  No. 11-cv-287-wmc, 2012 WL 12996103 (W.D. Wis. July 6, 2012) ..................................8

*Rickels v. City of S. Bend, Ind.*,
  33 F.3d 785 (7th Cir. 1994) .................................................................................................8

*Salgado by Salgado v. Gen. Motors Corp.*,
  150 F.3d 735 (7th Cir. 1998) ...............................................................................................5

## RULES

Fed. R. Civ. P.
  26...................................................................................................................................4, 7
  26(a)(1)(A)(ii) ......................................................................................................................4
  26(a)(2)(B) ...........................................................................................................................3
  26(b)(4)(D) ..........................................................................................................................6
  26(b)(5)(A) ..........................................................................................................................6
  26(e)(1) ................................................................................................................................4
  34....................................................................................................................................4, 6
  37....................................................................................................................................7, 8
  37(a)(5)(A) ..........................................................................................................................8
  37(b)(2)(A)(i)-(vi) ................................................................................................................5
  37(c)(1) ............................................................................................................................4, 5
  37(c)(1)(A) ..........................................................................................................................8
  37(d)(1) ...........................................................................................................................4, 5
  45..........................................................................................................................................7

ABA Model Rules of Pro. Conduct 3.3 ......................................................................................6

**I.      INTRODUCTION**

Despite this Court's Order sanctioning Plaintiffs' discovery misconduct, *see* Dkt. No. 75, Plaintiffs continue to flout the rules of discovery and this Court's Scheduling Order, Dkt. No. 25 ("Scheduling Order"). Plaintiffs recently revealed that they improperly withheld still more laboratory results despite Lands' End's pointed discovery request for the same. Plaintiffs cannot claim oversight or mistake, because their counsel received these undisclosed laboratory results in early October 2020, at the very same time that Lands' End first called attention to Plaintiffs' prior discovery misconduct. It appears that while the parties briefed Lands' End's first motion for sanctions regarding Plaintiffs improperly withholding laboratory results, *see* Dkt. No. 62, Plaintiffs' counsel obtained and improperly withheld still more laboratory results.

The Court's prior Order, Dkt. No. 75, sanctioned Plaintiffs for the same conduct at issue in this Motion. Plainly, Plaintiffs did not learn from those sanctions. Plaintiffs' ongoing discovery misconduct requires that Lands' End bring this Second Motion for Sanctions ("Motion") seeking further relief from the Court. To remedy Plaintiffs' repeated discovery misconduct, Lands' End respectfully requests that the Court: (1) prohibit Plaintiffs from relying on these latest undisclosed laboratory results—and the undisclosed laboratory results that were the subject of Lands' End's first motion for sanctions—at any stage of the case; (2) strike all portions of any pleading or expert report relying on those documents; (3) require that, within 14 days and on an ongoing basis thereafter, Plaintiffs disclose any other laboratory results in their custody or control; and (4) award Lands' End its expenses and fees associated with its first motion for sanctions, Dkt. No. 62, and this Motion.

**II.     FACTUAL BACKGROUND**

Lands' End's briefing in support of its first motion for sanctions included the facts as it knew them up to and including October 30, 2020. *See* Dkt. No. 63 at 2-6; Dkt. No. 68 at 2-3.

1

Considering those facts and the applicable law, on November 25, 2020, the Court granted Lands' End's first motion for sanctions. Dkt. No. 75. The Court concluded that "Plaintiffs were in possession of lab results that they failed to disclose in their initial disclosures and in response to a pointed discovery request." *Id.* Further, the Court found that Plaintiffs both "fail[ed] to assert" work product privilege *and* "fail[ed] to explain how that privilege would apply to lab results" cited in a testifying expert's report. *See id.* To sanction Plaintiffs for their misconduct, the Court excluded at the class certification stage improperly withheld evidence and Plaintiffs' expert report.[1] *See id.*

Apparently undeterred by the Court's sanctions, Plaintiffs again improperly withheld more laboratory results. On December 18, 2020, Plaintiffs revealed that on October 1, 2020 and October 6, 2020, their counsel received laboratory results from yet another entity: Vartest ("Vartest results"). *See* Declaration of U. Gwyn Williams ("Williams Decl."), Ex. A (Vartest results). Notably, the later Vartest result dates to *after* Lands' End contacted Plaintiffs regarding their discovery misconduct with respect to other improperly withheld laboratory results. *See* Dkt. No. 64, Ex. D (October 5, 2020 correspondence from U. Gwyn Williams to Bruce A. Maxwell). Then, the very same day he received the later report from Vartest, Plaintiffs' counsel represented that Plaintiffs would "supplement the discovery responses[.]" *See* Dkt. No. 64, Ex. E (October 6, 2020 email from Bruce A. Maxwell to U. Gwyn Williams). Despite that assurance, Plaintiffs failed to disclose the Vartest results when they supplemented their discovery responses on October 21,

---

[1] Following the Court's Order, on December 18, 2020, Plaintiffs re-disclosed Dr. Hauser as a liability expert. Dr. Hauser's December 18, 2020 report is substantively identical to his August 18, 2020 report with one conspicuous addition: the new report references the Vartest results.

2020. *See* Williams Decl., Ex. B (Class Representatives' Combined Supplemental Responses and Objections to Defendant's First Document Request).

Plaintiffs' supplemental discovery responses raised a work product objection to Lands' End's request for laboratory results. *See id.* at 3. In light of that objection, Lands' End demanded that Plaintiffs confirm if they, in fact, withheld any documents on that ground. *See* Williams Decl., Ex. C (October 28, 2020 correspondence from U. Gwyn Williams to Bruce Nagel and Bruce Maxwell). Plaintiffs never responded to that demand.

Further undermining any effort to claim work product privilege over the Vartest results, Plaintiffs' counsel later admitted that they sent the Vartest results to their testifying expert no later than November 6, 2020. *See* Williams Decl. ¶ 7. But Plaintiffs waited six more weeks to disclose the Vartest results to Lands' End, and then only did so within a Rule 26(a)(2)(B) disclosure. For context, Plaintiffs disclosed the Vartest results:

- 74 days after Plaintiffs' counsel agreed to supplement Plaintiffs' discovery responses to Lands' End's pointed request for laboratory results;

- 59 days after Plaintiffs purported to supplement those discovery responses;

- 47 days after Plaintiffs implicitly denied withholding any laboratory results on work product grounds;

- 43 days after providing the Vartest results to a testifying expert; and

- 24 days after the Court sanctioned Plaintiffs for the same conduct regarding other improperly withheld laboratory results.

On December 23, 2020, Lands' End wrote to Plaintiffs' counsel expressing "disappoint[ment]" with Plaintiffs' continued violations of the rules of discovery. *See* Williams Decl., Ex. D (December 23, 2020 correspondence from U. Gwyn Williams to Bruce Maxwell and Randee Matloff). Lands' End gave Plaintiffs one week to explain their failure to disclose the Vartest results. *See id.* Plaintiffs never responded to that demand in writing. *See* Williams Decl.

¶ 6. On a December 31, 2020 meet and confer Plaintiffs' counsel offered no justification for their discovery misconduct, baldly implying that it did not harm Lands' End because it learned of the Vartest results "a few weeks later." *See* Williams Decl. ¶ 7. Plaintiffs' counsel also contended that they had no prior obligation to disclose the documents because Plaintiffs were still deciding whether the Vartest results helped their case. *Id.* Plaintiffs did not offer to withdraw the Vartest results or revise their experts' reports to remove portions relying on those documents. *Id.*

### III. ARGUMENT

#### A. The Court Should Exclude the Vartest Results from the Case

Once again, Plaintiffs' conduct violates Federal Rules of Civil Procedure 26 and 34, and this Court's Order. *See* Scheduling Order, ¶ 8 ("all discovery must conform with the requirements of Rules 26 through 37"). Federal Rule of Civil Procedure 26 requires that Plaintiffs disclose "all documents" they "may use to support [their] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Further, this Court already determined that the Vartest results are the type of document that are the subject of Lands' End's "pointed discovery request" under Rule 34. *See* Dkt. No. 75. Even though Plaintiffs did not receive the Vartest results until after serving initial disclosures and making initial responses to Lands' End's Rule 34 requests, the Rules required Plaintiffs to supplement their initial disclosures and discovery responses. *See* Fed. R. Civ. P. 26(e)(1).

When a party fails to provide information required under Rules 26 or 34, the court, at a minimum, must exclude that information from use as evidence on a motion, at a hearing, or at trial, unless the failure to disclose was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1), (d)(1). The exclusion of the Vartest results is "automatic and mandatory[.]" *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 951 (7th Cir. 2018) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Plaintiffs may only avoid the sanction if they meet their burden to establish that their failure to disclose was substantially justified or harmless.

4

*Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (listing factors considered in harmlessness analysis). The court may also order additional sanctions. Fed. R. Civ. P. 37(c)(1), (d)(1) (cross-referencing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)). Plaintiffs again have no justification for their failure to disclose, and Plaintiffs' discovery misconduct again harmed Lands' End.

**B.    Plaintiffs' Discovery Misconduct Is Not Justified**

At this late stage—after the parties already briefed this precise issue—Plaintiffs' only potential justification for withholding the Vartest results is to claim that they are protected attorney work product. But the facts do not support that justification. As with the first set of laboratory results they failed to disclose, Plaintiffs both failed to properly maintain a contemporaneous objection on work product grounds, failed to show the Vartest results are consulting expert materials shielded from discovery under the Rules, and "fail[ed] to explain how that privilege would apply to lab results that their [] expert cited in his report," Dkt. No. 75.

First, when Plaintiffs supplemented their responses to Lands' End's "pointed discovery request" on October 21, 2020, *see* Williams Decl., Ex. B, they failed to produce the Vartest results or to raise a specific objection or rationale for withholding those documents. If the unproduced laboratory results that were the subject of Lands' End's first motion for sanctions were not protected work product, there is no logical basis for Plaintiffs to assert that protection applies to the Vartest results.

Second, the Vartest results are not the materials of a consulting expert. The Vartest results are addressed to Plaintiffs' counsel, *see* Williams Decl., Ex. A, as were three of the four laboratory results at issue in Lands' End's first motion for sanctions, *see* Dkt. No. 63 at 5 (citing Dkt. No. 56, Exs. J-L). The Court should reject any assertion that protection for consulting expert materials permits Plaintiffs to collect as many laboratory results as they choose and only disclose those

5

documents they favor. To begin, the Rule protecting consulting expert materials from disclosure only prohibits discovery of such materials "by interrogatories or deposition[.]" Fed. R. Civ. P. 26(b)(4)(D). The Rule nowhere permits withholding otherwise responsive documents when replying to Rule 34 requests. Further, construing the Rules to permit counsel to "shop" for "favorable" evidence while hiding unfavorable evidence from the Court and opposing parties would permit conduct that violates Model Rule of Professional Conduct 3.3, requiring candor toward the tribunal. Plaintiffs' selective disclosure leaves Lands' End—and, likely, the Court—with grave doubts about whether Plaintiffs are withholding unfavorable evidence. The Court should not permit Plaintiffs to shield their misconduct under the guise of purported consulting expert engagements.

Third, even if the Vartest results were protected work product (they are not), Plaintiffs' assertion of work product protection was improper under the Rules. Any party asserting work product protection over an otherwise discoverable document must assert the privilege expressly and "describe the nature of the documents . . . in a manner that, . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Plaintiffs never complied with that requirement. Further, Plaintiffs quickly abandoned their improper claim of work product protection. On October 28, 2020, Lands' End demanded that Plaintiffs confirm whether they withheld any laboratory results on the basis of work product protection. *See* Williams Decl., Ex. C. Plaintiffs never responded to that demand, conceding that they had not withheld any documents on work product grounds and waiving any claim they might now make that the Vartest results are protected attorney work product.

Fourth, even if Plaintiffs' work product assertion were proper, the Vartest results lost any work product protection when Plaintiffs' counsel disclosed those documents to Plaintiffs'

6

testifying experts on November 6, 2020. Plaintiffs did not disclose to Lands' End that the Vartest reports existed until December 18, 2020.

  C. <u>Plaintiffs' Discovery Misconduct Is Not Harmless</u>

Lands' End should have received the Vartest results in early October or at the latest on November 6, when Plaintiffs disclosed them to their testifying expert. Instead, Lands' End did not even know the Vartest results existed until the Friday evening before Christmas. Plaintiffs' improper and late disclosure delayed Lands' End by approximately two months or more. During that time, Lands' End could have conducted discovery on Vartest and incorporated the findings from that discovery into its determinations and preparation of its rebuttal liability experts.[2] But Plaintiffs' improper withholding of the Vartest results puts Lands' End behind the figurative eight ball in preparing its rebuttal experts.

Despite Plaintiffs' misconduct, Lands' End is moving expeditiously to conduct discovery of Vartest. Late last month, Lands' End served a subpoena on Vartest pursuant to Rule 45, but Lands' End's review of the technical documents produced will take significant time, likely leaving just one month before Lands' End must submit its expert results rebutting, among other evidence Plaintiffs' experts proffered, the Vartest results. Lands' End should not suffer the consequences of its adversary's bad acts. To avoid that result, the Court should exclude the Vartest results from the case and strike any portion of any pleading or expert report that relies on those documents. And to avoid further harm to Lands' End (as well as further motion practice), consistent with its authority under Rules 26 and 37, the Court should order Plaintiffs' to disclose within 14 days any

---

[2] Discovery from labs such as Vartest is time consuming and expensive. Lands' End has taken discovery of the laboratories that prepared the results that were the subject of its first motion for sanctions. That discovery has yielded thousands of pages of highly technical documents that take significant time and expertise to analyze and assess.

and all laboratory results in their custody or control and bar Plaintiffs from relying in any way on any laboratory analysis not disclosed by that date or not disclosed promptly upon receipt thereafter.

Plaintiffs may assert that the Court should deny the Motion because any prejudice to Lands' End arises from delay rather than lost rights. But any "relative lack of prejudice is counterbalanced by [Plaintiffs'] apparently blasé approach, and [their] serial failure to timely produce relevant documents." *NorthMobileTech LLC v. Simon Property Grp., Inc.*, No. 11-cv-287-wmc, 2012 WL 12996103, at *8 (W.D. Wis. July 6, 2012) (finding that party's consistently dilatory and incomplete responses to formal discovery requests demonstrate a "lack of respect for the process" warranting sanctions). In other words, Plaintiffs cannot shield their misconduct behind a smoke screen of harmlessness.

### D. The Court Should Award Lands' End's Costs Associated with the Motions for Sanctions

Because Plaintiffs repeatedly violated the Rules and the Scheduling Order, the Court should award Lands' End its expenses and fees associated with both this Motion and Lands' End's first motion for sanctions. Fee shifting is standard under Rule 37. *See* Fed. R. Civ. P. 37(a)(5)(A), (c)(1)(A); *see also Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (noting "operative principle" that "the loser pays" under Rule 37). Lands' End reserved the right to seek fees associated with its First Motion for Sanctions. *See* Dkt. No. 63 at 10 n.6. Here, Plaintiffs' repeated discovery misconduct warrants a serious sanction and Lands' End should not bear the cost of ensuring that Plaintiffs comply with the Rules and the Court's Orders.

## IV. CONCLUSION

For the foregoing reasons, Lands' End respectfully requests that the Court grant the Motion and (1) prohibit Plaintiffs from relying on these latest undisclosed laboratory results—and the undisclosed laboratory results that were the subject of Lands' End's first motion for sanctions—at

any stage of the case; (2) strike all portions of any pleading or expert report relying on those documents; (3) require that, within 14 days and on an ongoing basis thereafter, Plaintiffs disclose any other laboratory results in their custody or control; and (4) award Lands' End its expenses and fees associated with its first motion for sanctions, Dkt. No. 62, and this Motion.

Dated: January 13, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By:  s/ U. Gwyn Williams
U. Gwyn Williams (*pro hac vice*)
Samuel A. Townsend (*pro hac vice*)
Avery E. Borreliz (*pro hac vice*)
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: 617.948.6000
Facsimile: 617.948.6001
gwyn.williams@lw.com
samuel.townsend@lw.com
avery.borreliz@lw.com

*Attorneys for Defendant
Lands' End, Inc.*