IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GWYNETH GILBERT, MONICA DECRESCENTIS and STEPHANIE ANDREWS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LANDS' END, INC. and LANDS' END OUTFITTERS, INC.,<br><br>Defendants. | Consolidated Civil Action No. 3:19-cv-823-JDP |

**PLAINTIFFS' MOTION TO APPROVE
SUPPLEMENTATION OF TWO EXPERT REPORTS**

COME NOW, the Plaintiffs, by and through counsel of record, and files this Motion to Approve Supplementation of Two of Plaintiffs' Expert Reports approximately 29 days before and 62 days before the respective depositions of each expert. In support, the Plaintiffs state:

**I.   PROCEDURAL HISTORY**

1. On January 18, 2021, the Plaintiffs' deadline to submit expert reports occurred under the previous Court schedule (which was later struck on February 9, 2021). Docs. 25 and 115.

2. On February 8, 2021, Plaintiffs provided two additional Vartest lab results (both dated February 5th) to Defendants.

3. On February 8, 2021, the parties conducted a status conference with the Court. One of the items discussed was whether Plaintiffs could supplement Dr. Apple's and Dr. Hauser's expert reports for the sole purpose of including references to additional Vartest results. In an order

issued the following day, the Court stated that "[t]he parties should meet and confer regarding the disclosure of any as-yet-undisclosed testing results. If defendant does not consent to the supplementation of expert reports with the new testing results, plaintiffs' counsel may file a properly supported motion to allow the untimely supplementation." Doc. 115.

4. On February 10, 2021, Plaintiffs provided one additional Vartest lab result (dated February 9th) to Defendants.

5. On February 11, 2021, Plaintiffs provided a supplemental expert report for Dr. Apple. The supplementation was minor, as it only included three additional documents relied upon, and not a single substantive word was changed. See Exhibit A, p. 5.[1]

6. On February 11, 2021 Plaintiffs provided a supplemental expert report for Dr. Hauser. The supplementation was minor, as it only included (the same) three additional documents relied upon, and not a single substantive word was changed. See Exhibit B, p. 6.[2]

7. On February 14, 2021, as a follow-up to prior requests for approval of the supplemental expert reports, the Plaintiffs submitted a formal written request that included two legal citations from this Court to support our position. See Exhibit C. Defendants have not substantively responded to date.

---

[1] The only change was the addition of the following two reference paragraphs in a section that that states *my professional opinion is based upon the following specific information*:
"Vartest Report dated February 5, 2021, which confirms crocking and which showed during an Energy Dispersive Xray performed as part of that analysis, that fluorine transferred with the purple excess dye that crocked off three of the tested garments.
Vartest Report dated February 9, 2021, which confirms crocking and which showed during an Energy Dispersive Xray performed as part of that analysis, that fluorine, magnesium, aluminum, and silicon transferred with the purple excess dye that crocked off one of the tested garments."

[2] Further, I have recently received and reviewed Vartest Reports dated February 5, 2021 and February 9, 2021, respectively, and which also confirm the transfer of chemicals along with the excess dye which crocked off the tested garments. These Vartest reports further support my opinions in this case, set forth above, and which have been previously attested to during deposition [in the class-related expert phase of the case].

8. Over February 15-18, 2021, the parties had various meet and confer meetings to prepare a proposed scheduling order. During those communications, the Defendants said they were still considering Plaintiffs' request, and would let us know their final decision.

9. On February 18, 2021, the parties prepared an agreed proposed order, which stated "As instructed by the Court, the parties have had discussions regarding Plaintiffs' proposed amendments to Drs. Apple and Hauser's expert reports. Those discussions are ongoing." Doc. 117. This footnote was added upon the Plaintiffs' request.

10. This topic was not mentioned again by either party until March 23, 2021.

11. On March 12, 2021, the deposition of Dr. Hauser was completed, and relied on the supplemented expert report provided on February 11th, without any objection.

12. On March 23, 2021, the Defendants submitted an email informing us (for the first time, and 40 days after receiving the supplemental expert reports) that they were objecting to our request to supplement the expert reports as stated above.[3] To date, the Defendants have not provided a substantive reason or explanation for their objection.[4]

---

[3] As this was the first time the Defendants expressed an objection to the supplemented reports, the issue just became ripe to present to the Court, per Doc. 115.

[4] "[Bruce Maxwell:] We suggested working out a compromise to your pending motion for sanctions. We have not heard further from you. Given the instructions by the Court during our last hearing it seems he "punted" this topic into our Court to be resolved without Court intervention. Your position?
[Samuel Townsend for the Defendants:] The parties' positions on the issue appear to be irreconcilable. Plaintiffs wish to rely on late-disclosed documents and use them in late-served amended expert reports to cure their initial failure to disclose test results in a timely manner. Lands' End takes the position that the documents should be excluded from the case as a sanction for Plaintiffs' discovery violations and that, as a result, any potential motion to permit late-amendment of expert reports to circumvent their discovery violations is improper. Lands' End does not believe that Plaintiffs have offered any workable compromise, or that such a compromise is possible under the circumstances. Lands' End therefore does not assent to Plaintiff amending the expert disclosures of Drs. Apple or Hauser."

3

13. The deposition of Dr. Apple is scheduled for April 14, 2021.[5]

14. Based on communications with opposing counsel, it is the undersigned's understanding that the Defendants' rebuttal expert reports will be due on April 28, 2021. (At the time of the February 8th status conference, this deadline was February 18th).

## II. TWO LEGAL GROUNDS TO APPROVE SUPPLEMENTATION

*A. Plaintiffs Supplementation was Allowed Based on the Court's Scheduling Order and Rule 26(e)(2).*

The first ground is that the extension was consistent with the Court's scheduling order, that was in existence until the February 8th status conference. The order stated that "[s]upplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert." Doc. 25 (emphasis added). Fed. R. Civ. P. 26(e)(2) specifically pertains to expert witness disclosures and states: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." These disclosure rules have been interpreted by this Court as well. Judge Crocker has stated that the purpose of the rule was "so that a party could not

---

[5] This date was selected after there was an issue with opening the expert's many deposition exhibits. In short, the defense provided a link to the exhibits on Sunday around 10 AM, 48 hours before the deposition (previously scheduled for March 23), however, due to technological issues, our office was not able to access them until approx. 23 hours before the deposition. Based on the same, Plaintiffs' counsel nor our expert believed we had sufficient time to review the exhibits to be fully prepared for the deposition. We informed defense counsel the night before the deposition, and they vehemently objected. (The undersigned does not believe this is very relevant to the motion, and is only attempting to provide an objective summary explanation in case additional information is later provided).

4

invoke Rule 26(e)(2)'s looser deadlines as an excuse for the late disclosure of new information" in a "post-deposition revelation of new expert information." *Baratto v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1071 (W.D. Wis. 2010).

Based on the same, the Plaintiffs honored the Court's scheduling order by noting on our calendar that minor supplementation to any expert report would have to be made by February 12, five calendar days before the first responsive deposition, Dr. Apple's February 17th deposition (which was later continued for other reasons, Bruce Maxwell was incapacitated by Covid-19, see Exhibit C). In reliance on the same, Plaintiffs communicated this deadline to Vartest, received the confirmatory lab results, submitted them to our experts, and then submitted supplemented expert reports in time, actually one day before the supplementation deadline, February 11.[6]

Moreover, the new Vartest reports are only confirmatory of prior testing, they simply re-support the prior opinions, the supplementations do not enlarge the scope of the previous expert reports or introduce a new opinion; in fact, neither expert report substantively changed in any way, not even a single substantive word was modified. *Baratto v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1072 (W.D. Wis. 2010) (allowing supplementation/"minor additions" to an expert's report when the "statements do not enlarge the scope of his original report or introduce a new opinion."); *First Years, Inc. v. Munchkin, Inc.*, 575 F. Supp. 2d 1002, 1007 (W.D. Wis. 2008) (allowing supplementation of new evidence in an expert's report because the additional information regarded the defendant's products and, the defendant "certainly could have [] performed its own cross-section analysis of the [products at issue]. It is worth noting that

---

[6] Accordingly, the Plaintiffs are only filing this motion based on the Court's request at the status conference and in Doc. 115. As we believe our supplementation was consistent with the Court's order, we do not otherwise believe any extension or leave is necessary. However, if the Court is inclined to view otherwise, we ask it to consider this motion in the form as necessary to allow the supplementation.

5

defendant does not suggest that the color photographs makes it clear that plaintiff's cross-section misrepresents defendant's products or otherwise shows errors in testing not visible in the earlier photographs. Because defendant suffered no prejudice, the failure is harmless under Rule 37(c) and no sanction is warranted. Defendant's motion to strike will be denied."). Accordingly, the Plaintiffs submit that the supplementation should be approved because it was expressly authorized and consistent with the Court's scheduling order and Rule 26(e)(2).

> B. *Defendants are Not Prejudiced by Receiving the Minor Supplemention of Three Additional References 29 Days Before and 62 Days Before the Respective Depositions of Each Expert.*

The Defendants were provided Dr. Hauser's supplemental report on February 11, 2021. Dr. Hauser was deposed 29 days later, on March 12, 2021. The Defendants relied on the supplemental report during the deposition without complaint or issue. Moreover, prior to that, the Plaintiffs offered to continue the deposition further by stating in writing on February 14th: "Should you still be able to articulate any potential prejudice, we are likely to agree to any additional grants of time necessary to resolve the same, and ask for you to suggest any extension or modification that may be necessary." Exhibit C. Only 13 days *after* the deposition, on March 23, 2021, did the Plaintiffs first learn that Defendants then decided they were going to object to the minor supplementation. Accordingly, Defendants have waived any objection that could have been raised as to Dr. Hauser's February 11th supplemental report.

The Defendants were provided Dr. Apple's report on February 11, 2021. Dr. Apple is scheduled to be deposed 62 days later, on April 14th. The Plaintiffs offer to continue the deposition more than 62 days still stands as stated above. However, in response, the Defendants inexplicably stated "Lands' End does not believe that Plaintiffs have offered any workable compromise, or that such compromise is possible under the circumstances." *See supra*, fn 4. It is important to note

that Plaintiffs' deadline to provide expert reports was January 18, 2021 and the deposition of Dr. Apple was originally scheduled 30 days later, on February 17, 2021. As the Defendants have an additional 32 days to prepare than they originally had (plus additional time if necessary), they have not and cannot can allege any prejudice from Dr. Apple's February 11th supplemental report.

### III. CONCLUSION

For the foregoing reasons, the Court should allow Dr. Hauser's and Dr. Apple's expert reports to remain supplemented.

Respectfully submitted, this 30th day of March, 2021.

**TERRELL HOGAN YEGELWEL, P.A.**

*/s/ Bruce A. Maxwell*
**Bruce A. Maxwell**
Admitted to the U.S. Supreme Court: 03/29/1993
**Bradley Bodiford**
(Admitted *Pro Hac Vice*)
Terrell Hogan Yegelwel, P.A.
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
(904) 632-2424
Maxwell@terrellhogan.com
Bodiford@terrellhogan.com

-and-

**NAGEL RICE, LLP**

*/s/ Bruce H. Nagel*
**Bruce H. Nagel**
(Admitted *Pro Hac Vice*)
Randee M. Matloff
(Admitted *Pro Hac Vice*)
103 Eisenhower Parkway
Roseland, New Jersey 07068
973.618.0400
bnagel@nagelrice.com
rmatloff@nagelrice.com

7

-and-

**URBAN & TAYLOR, S.C.**

*/s/ Jay Urban*_____
**Jay Urban**
Wisconsin Bar No.: 1018098
The Urban Taylor Law Building
4701 N. Port Washington Road
Milwaukee, Wisconsin 53212
(414) 906-1700
jurban@wisconsininjury.com
rscarletta@wisconsininjury.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

/s/ Bruce A. Maxwell
Bruce A. Maxwell
Admitted to the U.S. Supreme
Court: 3/29/1993
Terrell Hogan Yegelwel, P.A.
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
(904) 632-2424
