**Kirsten David**

| | |
|---|---|
| **From:** | Bradley Bodiford <Bodiford@terrellhogan.com> |
| **Sent:** | Sunday, February 14, 2021 5:32 PM |
| **To:** | Gwyn.Williams@lw.com |
| **Cc:** | Samuel.Townsend@lw.com; Avery.Borreliz@lw.com; Bruce Maxwell; Randee Matloff; Kristie Gergely |
| **Subject:** | RE: Lands' End - Meet and Confer Conference - Monday at 1 |

Good afternoon,

Please be aware that Bruce Maxwell currently has Covid, confirmed by a positive test result (received this afternoon) and related symptoms. Given the Court's Thursday deadline, he still intends to participate in the Zoom meeting set for 1 pm tomorrow. However, he is asking to reschedule the depositions of Dr. Apple (previously set for Feb. 17th), and Dr. Hauser (previously set for Feb 19th) until March 1st or later. We wanted to give you as much notice as possible to minimize any inconvenience.

Moreover, we would like to discuss if Lands' End is agreeable to the supplementation of Dr. Apple's and Dr. Hauser's expert reports for the limited purpose of including new/supplemented *references* to additional Vartest results (which were provided to you last week). As part of this request, we are unequivocally agreeing to not supplement any more expert reports in any form (including as to references), and we submit two justifications for the proposed limited supplements.

    I.    First, it is consistent with the previous scheduling order: "[s]upplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than *five calendar days* before the expert's deposition, or before the general discovery cutoff if no one deposes the expert." Doc. 25 (emphasis added). Judge Crocker has stated that the purpose of the rule was "so that a party could not invoke Rule 26(e)(2)'s looser deadlines as an excuse for the late disclosure of new information" in a "post-deposition revelation of new expert information." *Baratto v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1071 (W.D. Wis. 2010). Here the additional supplemented expert reports and Vartest results are satisfying the rule by being provided more than five calendar days before the deposition (for previously set dates and modified/future scheduled dates). Moreover, the new Vartest reports are duplicates of prior testing, they simply re-support the prior opinions, the supplementations do not enlarge the scope of the previous expert reports or introduce a new opinion; in fact, neither expert report substantively changed in any way, not even a single substantive word was modified. *Baratto v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1072 (W.D. Wis. 2010) (allowing supplementation/"minor additions" to an expert's report when the "statements do not enlarge the scope of his original report or introduce a new opinion."); *First Years, Inc. v. Munchkin, Inc.*, 575 F. Supp. 2d 1002, 1007 (W.D. Wis. 2008) (allowing supplementation of new evidence in an expert's report because the additional information regarded the defendant's products and, the defendant "certainly could have [] performed its own cross-section analysis of the [products at issue]. It is worth noting that defendant does not suggest that the color photographs makes it clear that plaintiff's cross-section misrepresents defendant's products or otherwise shows errors in testing not visible in the earlier photographs. Because defendant suffered no prejudice, the failure is harmless under Rule 37(c) and no sanction is warranted. Defendant's motion to strike will be denied.").

    II.    Second, to avoid any potential or perceived prejudice, the Plaintiffs have offered to adjust the Defendants' reciprocal deadline to March 12th for *all experts*, even for the ones who will not respond to the two reports that were supplemented last week. Should you still be able to articulate any potential prejudice, we are likely to agree to any additional grants of time necessary to resolve the same, and ask for you to suggest any extension or modification that may be necessary.

Sincerely,
Bradley

**Bradley Bodiford**



233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
(904) 722-2228
www.terrellhogan.com

---

**From:** Bradley Bodiford
**Sent:** Friday, February 12, 2021 8:59 PM
**To:** Gwyn.Williams@lw.com
**Cc:** 'Samuel.Townsend@lw.com' <Samuel.Townsend@lw.com>; Avery.Borreliz@lw.com; Bruce Maxwell <Maxwell@terrellhogan.com>; 'Randee Matloff' <rmatloff@nagelrice.com>; Kristie Gergely <KGergely@terrellhogan.com>; Bradley Bodiford <Bodiford@terrellhogan.com>
**Subject:** Lands' End - Meet and Confer Conference - Monday at 1

Good evening Ms. Williams,

As previously promised, please see our attached (i) initial proposed scheduling order, and (ii) proposed template/examples for non-retained expert/Rule 26(a)(2)(C) disclosures, which covers all the topics requested in the Court's Feb. 9th order (Doc. 115).  We are providing the same in advance to avoid any surprise and spur the necessary conversations during our meet and confer Zoom **conference set for this Monday at 1**.
    Topic: Bradley Bodiford meeting
    Time: Feb 15, 2021 01:00 PM Eastern Time (US and Canada)
    Join Zoom Meeting https://us02web.zoom.us/j/82625998462?pwd=ZXcxazlaTkkwUWMyVWY1T1p5Z2hVQT09
    Meeting ID: 826 2599 8462
    Passcode: 750505

As to the dates/deadlines generally, we have checked to ensure none fall on a weekend or a federal holiday.

As to the dispositive/summary judgment deadlines, you indicated an interest in setting up multiple deadlines at the hearing.  We proposed two different deadlines based on what we believed would be the most productive, but we are also interested to hear your additional thoughts on setting up additional deadlines.

As to the non-retained expert disclosure template/examples, they were guided by *Jaworek*.  *Jaworek v. Mohave Transp. Ins*. Co., No. 19-cv-820-wmc, 2020 U.S. Dist. LEXIS 110002, at *7-8 (W.D. Wis. June 23, 2020) ("a 26(a)(2)(C) disclosure is adequate so long as the disclosure contains the subject matter and a summary of the facts and opinions sufficient to give the opposing party general notice as to the expert witness's testimony and to determine whether further discovery will be necessary and cost-effective" without requiring "undue detail").  See the related motion to strike (specifically pgs. 4-5) filed in *Jaworek* that shows seven disclosure examples approved by the Court.  As in *Jawoerk*, we will be providing all of the related medical records to you to supplement the disclosures.  Please let us know if the Defendant has any objection to our nine disclosures, and provide any supporting authority for the same.

On a scheduling related topic, the Plaintiffs will be providing all medical records currently in possession of counsel by March 2nd.

Sincerely,
Bradley

**Bradley Bodiford**



233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
(904) 722-2228
www.terrellhogan.com