**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| GWYNETH GILBERT and MICHAEL MARTE, on behalf of themselves and the Putative Class, <br><br>             Plaintiffs, <br><br>     v. <br><br> LANDS' END, INC., <br><br>             Defendant. | Civil Action No. 3:19-cv-00823-jdp |
| STEPHANIE ANDREWS, et al. on behalf of themselves and all others similarly situated, <br><br>         Plaintiffs, <br><br>     v. <br><br> LANDS' END, INC. and LANDS' END OUTFITTERS, INC. <br><br>         Defendants. | Civil Action No. 3:19-cv-01066-jdp |

**DEFENDANT LANDS' END INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..........................................................................................................1

II.   BACKGROUND ...........................................................................................................4

      A.    The Development and Launch of the Delta Uniforms.............................................4

      B.    The Launch of the Delta Uniforms and Lands' End's Response to a Small
            Number of Complaints..........................................................................................6

      C.    Procedural Background..........................................................................................8

      D.    Plaintiffs' Expert Reports .....................................................................................9

III.  CHOICE OF LAW .......................................................................................................10

IV.   ARGUMENT ...............................................................................................................12

      A.    Each Individual Claim Maintains a "Separate Identity," And Each Plaintiff
            Will Have to Prove Each Element of Her Case at Trial ......................................12

      B.    Plaintiffs' Claims Fail Because Their Experts Failed to Identify a Defect
            Capable of Causing Personal Injury ...................................................................14

      C.    Plaintiffs' Cannot Establish General Causation for Their Personal Injury
            Claims, and Lands' End is Entitled to Summary Judgment as a Result................16

            1.   Plaintiffs Require Expert Testimony on General Causation
                 Because Their Complex Medical Causation Theory is Beyond the
                 Understanding of a Lay Person..................................................................16

            2.   Plaintiffs Have No Admissible Expert Testimony on General
                 Causation..................................................................................................17

      D.    The Vast Majority of Plaintiffs Also Fail to Establish Specific Causation ...........21

            1.   Plaintiffs With Rule 26(a)(2)(C) Disclosures from Treating
                 Physicians ................................................................................................22

            2.   Plaintiffs Who Rely Entirely on Retained Experts for Evidence of
                 Specific Causation ....................................................................................23

      E.    Issue Preclusion Bars Plaintiffs who Filed and Were Denied Workers'
            Compensation Claims From Bringing Suit and Lands' End is Entitled to
            Summary Judgment on Those Claims .................................................................24

V.    CONCLUSION............................................................................................................27

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Adams v. Adams,*
    738 F. 3d 861 (7th Cir. 2013) ...................................................................25

*Alcoa, Inc. v. McCroskey,*
    2018 WL 5619688 (Tenn. Workers Comp. Panel Oct. 30, 2018) ...........................12

*Allen v. McCurry,*
    449 U.S. 90 (1980)........................................................................................25

*Amorgianos v. Nat'l R.R. Passenger Corp.,*
    303 F.3d 256 (2d. Cir. 2002)........................................................................11, 22

*Anderson v. Hess Corp.,*
    592 F. Supp. 2d 1174 (D.N.D. 2009)....................................................................11

*Arias v. DynCorp,*
    928 F. Supp. 2d 1 (D.D.C. 2013), *aff'd,* 752 F.3d 1011 (D.C. Cir. 2014) ...............11

*Baker v. Baker Hughes Oilfield Operations, Inc.,*
    2018 WL 3625834 (D. Alaska July 30, 2018) ......................................................11

*Barnes v. Anderson,*
    202 F.3d 150 (2d Cir. 1999).............................................................................21

*Barrett v. Rhodia, Inc.,*
    606 F.3d 975 (8th Cir. 2010) ...........................................................................11

*In re Bausch & Lomb Inc. Contacts Lens Sol. Prods. Liab. Litig.,*
    693 F. Supp. 2d 515 (D.S.C. 2010), *aff'd, Fernandez-Pineiro v. Bausch &*
    *Lomb, Inc.,* 429 F. App'x 249 (4th Cir. 2011)......................................................12

*In re Baycol Prods. Litig.,*
    321 F. Supp. 2d 1118 (D. Minn. 2004)............................................................16, 21

*Beyer v. Anchor Insulation Co.,*
    238 F. Supp. 3d 270 (D. Conn. 2017)..................................................................11

*Blanchard v. Eli Lilly & Co.,*
    207 F. Supp. 2d 308 (D. Vt. 2002)......................................................................12

*Brumbaugh v. Sandoz Pharm. Corp.*,
  77 F. Supp. 2d 1153 (D. Mont. 1999) ................................................................11

*Burst v. Shell Oil Co.*,
  2014 WL 3893304 (E.D. La. Aug. 8, 2014) ........................................................11

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ...........................................................................................15

*Chapman v. Maytag Corp*,
  297 F.3d 682 (7th Cir. 2002) .............................................................................20

*Cloud v. Pfizer Inc.*,
  198 F. Supp. 2d 1118 (D. Ariz. 2001) ................................................................11

*Cook Cty. v. MidCon Corp.*,
  773 F. 2d 892 (7th Cir. 1985) ............................................................................25

*In re Denture Cream Prods. Liab. Litig.*,
  204 F. Supp. 3d 1348 (S.D. Fla. 2016) ..............................................................20

*Dunn v. Sandoz Pharm. Corp.*,
  275 F. Supp. 2d 672 (M.D.N.C. 2003) ..............................................................11

*Earl v. Cryovac, A Div. of W.R. Grace Co.*,
  772 P.2d 725 (Idaho Ct. App. 1989) ..................................................................11

*Elmore v. Henderson*,
  227 F.3d 1009 (7th Cir. 2000) ...........................................................................12

*Estates of Tobin by Tobin v. SmithKline Beecham Pharm.*,
  164 F. Supp. 2d 1278 (D. Wyo. 2001) ...............................................................12

*Firstenberg v. Monribot*,
  350 P.3d 1205 (N.M. Ct. App. 2015) .................................................................11

*Ford Motor Co. v. Rushford*,
  868 N.E.2d 806 (Ind. 2007) ..............................................................................14

*Forsyth v. Eli Lilly & Co.*,
  No. CIV. 95-00185 ACK, 1998 WL 35152135 (D. Haw. Jan. 5, 1998) ..............11

*Garrido v. Team Auto Sales, Inc.*,
  913 N.W.2d 95 (S.D. 2018) ...............................................................................12

*In re General Motors LLC Ignition Switch Litig.*,
  2017 WL 6729295 (S.D.N.Y. Dec. 28, 2017) .....................................................20

iii

*Glastetter v. Novartis Pharm. Corp.*,
   107 F. Supp. 2d 1015 (E.D. Mo. 2000), *aff'd*, 252 F.3d 986 (8th Cir. 2001) ........................11

*Green v. Ensign-Brickford Co.*,
   595 A.2d 1383 (Conn. 1991) ..................................................................................16

*Grimes v. Hoffmann-LaRoche, Inc.*,
   907 F. Supp. 33 (D.N.H. 1995)...............................................................................11

*Hans v. Matrixx Initiatives, Inc.*,
   2007 WL 2668594 (W.D. Ky. Sept. 6, 2007) ..........................................................11

*Henricksen v. ConocoPhillips Co.*,
   605 F. Supp. 2d 1142 (E.D. Wash. 2009)................................................................12

*Hollander v. Sandoz Pharm. Corp.*,
   289 F.3d 1193 (10th Cir. 2002) ..............................................................................11

*Jernee v. Kennametal, Inc.*,
   2015 WL 134767 (Nev. Jan. 8, 2015)......................................................................11

*Kosmynka v. Polaris Indus., Inc.*,
   462 F.3d 74 (2d Cir. 2006).....................................................................................14

*Kremer v. Chemical Constr. Corp.*,
   456 U.S. 461 (1982)...............................................................................................25

*Langdon v. WEN Mgmt. Co.*,
   147 A.D.2d 450, 537 N.Y.S.2d 603 (N.Y. App. Div. 1989) .................................26

*Lewis v. PDV Am., Inc.*,
   532 F. Supp. 2d 1006 (N.D. Ill. 2008), *aff'd, Lewis v.CITGO Petroleum Corp.*,
   561 F.3d 698 (7th Cir. 2009) .................................................................................11

*McClain v. Metabolife Int'l, Inc.*,
   401 F.3d 1233 (11th Cir. 2005) .........................................................................11, 21

*Meade v. Parsley*,
   No. 2:09-CV-00388, 2010 WL 4909435 (S.D. W. Va. Nov. 24, 2010) ..................12

*Merrell Dow Pharm., Inc. v. Havner*,
   953 S.W.2d 706 (Tex. 1997)..................................................................................12

*Millett v. Atl. Richfield Co.*,
   2000 WL 359979 (Super. Ct. Maine Mar. 2, 2000)................................................11

*Mills v. State Sales, Inc.*,
   824 A.2d 461 (R.I. 2003).......................................................................................12

iv

*Milward v. Rust-Oleum Corp.*,
  820 F.3d 469 (1st Cir. 2016) ...................................................................................11

*In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*,
  387 F. Supp. 3d 323 (S.D.N.Y. 2019),
  *aff'd*, 982 F.3d 113 (2d Cir. 2020) ....................................................10, 16, 20, 22

*Murray v. Fairbanks Morse*,
  610 F.2d 149 (3d Cir. 1979) ..................................................................................14

*Musser v. Gentiva Health Servs.*,
  356 F.3d 751 (7th Cir. 2004) .................................................................................10

*Nat'l Bank of Commerce v. Associated Milk Producers, Inc.*,
  22 F. Supp. 2d 942 (E.D. Ark. 1998), *aff'd sub nom. Nat'l Bank of Commerce
  of El Dorado v. Associated Milk Producers, Inc.*, 191 F.3d 858 (8th Cir. 1999) ...................11

*Nelson v. Matrixx Initiatives, Inc.*,
  592 F. App'x 591 (9th Cir. 2015) ..........................................................................11

*Norris v. Baxter Healthcare Corp.*,
  397 F.3d 878, 886 (10th Cir. 2005) .................................................................11, 20

*Phelps v. Wyeth, Inc.*,
  938 F. Supp. 2d 1055 (D. Or. 2013) .......................................................................11

*In re Phenylpropanolamine (PPA)*,
  2003 WL 22417238 (N.J. Super. Ct. Law Div. July 21, 2003) ..............................11

*Ranes v. Adams Labs., Inc.*,
  778 N.W.2d 677 (Iowa 2010) .................................................................................11

*In re Refrigerant Compressors Antitrust Litig.*,
  731 F.3d 586 (6th Cir. 2013) .................................................................................12

*In re Rezulin Prods. Liab. Litig.*,
  441 F. Supp. 2d 567 (S.D.N.Y. 2006) ...............................................................20, 21

*Ruggiero v. Warner-Lambert Co.*,
  424 F.3d 249 (2d Cir. 2005) ..................................................................................20

*Ryan v. New York Tel. Co.*,
  467 N.E.2d 487 (N.Y. 1984) .............................................................................26, 27

*Scaife v. Astrazeneca LP*,
  2009 WL 1610575 (Del. Super. June 9, 2009) .......................................................11

*Schaendorf v. Consumers Energy Co.*,
   2009 WL 563904 (Mich. Ct. App. Mar. 5, 2009) ...................................................11

*Schultz v. Glidden Co.*,
   No. 08-C-919, 2012 WL 968005 (E.D. Wis. Mar. 21, 2012), *aff'd in part,
   rev'd in part on other grounds sub nom. Schultz v. Akzo Nobel Paints, LLC*,
   721 F.3d 426 (7th Cir. 2013) ...................................................................................12

*Shipley v. Forest Labs., Inc.*,
   2015 WL 4199739 (D. Utah July 13, 2015) ............................................................12

*Siharath v. Sandoz Pharm. Corp.*,
   131 F. Supp. 2d 1347 (N.D. Ga. 2001), *aff'd, Rider v. Sandoz Pharm. Corp.*,
   295 F.3d 1194 (11th Cir. 2002) ...............................................................................11

*Soldo v. Sandoz Pharm. Corp.*,
   244 F. Supp. 2d 434 (W.D. Pa. 2003) .................................................................12, 20

*Stephen v. Ford Motor Co.*,
   37 Cal. Rptr. 3d 9 (Cal. Ct. App. 2005) ..................................................................17

*Sugarman v. Liles*,
   190 A.3d 344 (Ct. App. Md. 2018) ..........................................................................11

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ..................................................................................................25

*In re Trasylol Prods. Liab. Litig.*,
   Nos. MDL-1928, 08-MD-1928, 2013 WL 1192300 (S.D. Fla. Mar. 22, 2013) ......11

*Truck Ins. Exch. v. MagneTek, Inc.*,
   360 F.3d 1206 (10th Cir. 2004) ...............................................................................16

*United States v. Utah Constr. & Mining Co.*,
   384 U.S. 394 (1966) ..................................................................................................25

*Valentine v. PPG Indus., Inc.*,
   821 N.E.2d 580 (Ohio Ct. App. 2004), *aff'd sub nom.*, *Valentine v. Conrad*,
   850 N.E.2d 683 (Ohio 2006) ....................................................................................11

*Vanderwerf v. SmithKlineBeecham Corp.*,
   529 F. Supp. 2d 1294 (D. Kan. 2008) ......................................................................11

*Velazquez v. Abbott Labs.*,
   901 F. Supp. 2d 279 (D.P.R. 2012) ..........................................................................12

*In re Viagra Prods. Liab. Litig.*,
   658 F. Supp. 2d 950 (D. Minn. 2009) .................................................................11, 21

*Waller v. Indus. Comm'n*,
406 P.2d 197 (Ariz. 1965) ........................................................................ 17

*Watts v. Radiator Specialty Co.*,
990 So. 2d 143 (Miss. 2008) ..................................................................... 11

*Wells v. SmithKline Beecham Corp.*,
601 F.3d 375 (5th Cir. 2010) ............................................................... 16, 21

*Wills v. Amerada Hess Corp.*,
379 F.3d 32 (2d Cir. 2004) ....................................................................... 16

*C.W. ex rel. Wood v. Textron, Inc.*,
807 F.3d 827 (7th Cir. 2015) ............................................................... 11, 20

*Zellars v. NexTech Ne., LLC*,
895 F. Supp. 2d 734 (E.D. Va. 2012), *aff'd*, 533 F. App'x 192 (4th Cir. 2013) ...................... 12

## STATUTES

28 U.S.C. § 1738 .................................................................................... 25

## RULES

Rule 26(a)(2)(B) ................................................................................. 10, 24

Rule 26(a)(2)(C) ................................................................................ *passim*

## TREATISES

63 Am. Jur. 2d Products Liability § 531 ......................................................... 14

Restatement (Second) of Torts, § 402A ........................................................... 14

W. Page Keeton et al., Prosser and Keeton on Torts § 102 (5th ed. 1984) ......................... 14

## I.       INTRODUCTION

None of the 603 individual Plaintiffs remaining in this case can prove that their supposed personal injuries were caused by a defect in the Lands' End, Inc. ("Lands' End") garments they wore as part of their Delta Air Lines, Inc. ("Delta") uniform.  In order for those personal injury claims to withstand summary judgment, each Plaintiff must put forward admissible evidence that the uniforms were defective.  And each Plaintiff must put forth evidence sufficient to establish causation, both general (evidence that a defect in the Lands' End uniforms was capable of causing the alleged injuries) and specific (evidence that such a defect in fact caused each Plaintiff's alleged injuries).  No Plaintiff can provide admissible evidence as to a defect capable of causing the alleged injuries, general causation, or specific causation and Lands' End is therefore entitled to summary judgment on all Plaintiffs' personal injury claims.

As to defect, Plaintiffs and their experts rely on textile testing performed by third-party laboratories purportedly showing various levels of chemicals and heavy metals present in some (but not all) garments.  But none of the experts opine that those levels rendered the garments defective for purposes of any personal injury claims.  Plaintiffs' only textile expert, Dr. Peter Hauser, limited his opinions to the supposed defect in the manufacturing process that resulted in crocking (dye transfer), and was clear that he was not providing testimony relating to any medical issues or personal injury claims.

Ham-handedly, Plaintiffs then attempt to avoid their burden on causation by submitting expert reports pointing to discrete pieces of evidence and hoping that the number of personal injury claims filed together in one action will paper over the many cracks in their analyses.  Plaintiffs' case is premised on the following shaky logic: (1) that a handful of garment testing results show certain substances present in some tested uniform pieces (and even while other testing results do not), (2) those detected substances have known health effects, and thus, (3) all of the Plaintiffs'

1

alleged injuries, across some 41 different alleged symptoms, must have been caused by the uniforms.

But notwithstanding that 603 Plaintiffs have joined their cases into one complaint, collective causation evidence will not suffice. These are still separate cases, and to bring her claim before a factfinder, each Plaintiff must have evidence that a defect in her uniform more likely than not caused her alleged injuries. And the Court may not simply take each Plaintiff at her word. Every jurisdiction requires that a plaintiff pursuing a personal injury claim put forward admissible expert testimony to meet her causation burden. For the reasons explained in Lands' End's Motions to Exclude Drs. Apple, Freeman, and Scheinman (filed concurrently with this Motion), *see* Dkt. Nos. 180, 183, 188, Plaintiffs' expert opinions do not rely upon any reliable or scientifically valid methodology that could provide the necessary admissible evidence that a defect in the Lands' End uniforms was capable of causing Plaintiffs' alleged injuries. As a result, no Plaintiff can carry her burden on general causation.

Further, even if Plaintiffs' experts could establish that some defects in the Lands' End uniforms were *capable* of causing Plaintiffs' alleged injuries, the vast majority of the Plaintiffs also lack the necessary expert testimony to prove that the Lands' End uniform was, in fact, the specific cause of their alleged injuries. Plaintiffs attempt to present specific causation testimony through various avenues, but all are fraught with difficulties. Of the 603 Plaintiffs:

- 174 of them disclosed Rule 26(a)(2)(C) treating physicians who will supposedly offer specific causation evidence, but many of those disclosures must be excluded. *See* Lands' End, Inc.'s Memorandum of Law in Support of Motion to Exclude Testimony of Plaintiffs' Rule 26(a)(2)(C) Experts (Dkt. No. 192). If that motion is granted, then 79 of those 174 actually have no treating physician testimony.

- 429 Plaintiffs did not disclose *any* treating physician opinion testimony, and therefore must rely on Plaintiffs' retained experts, as do the 79 Plaintiffs mentioned above whose treating physician disclosures should be excluded.

- Of those 429 Plaintiffs (plus the 79 Plaintiffs with deficient disclosures),

  o Drs. Apple and Scheinman purport to offer blanket specific causation opinions on behalf of all plaintiffs, but for the reasons explained in Lands' End's Motions to Exclude, those opinions should be excluded. *See* Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Fred Apple, Ph.D. (Dkt. No. 184); Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Pamela Scheinman, M.D. (Dkt No. 189).[1]

  o Dr. Freeman purports to offer a specific causation opinion for 276 Plaintiffs, but those opinions should be excluded as well, for the reasons explained in Lands' End, Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Michael Freeman, Ph.D. *See* Dkt. No. 181.

- Accordingly, only 95 Plaintiffs have potentially admissible specific causation testimony, and even for those 95 Plaintiffs, Lands' End is entitled to summary judgment on personal injury claims because those Plaintiffs cannot establish a defect and lack evidence of general causation.

Finally, there are three Plaintiffs for whom Lands' End is entitled to summary judgment on their personal injury claims for the independent reason that an administrative law judge has

---

[1] Drs. Apple and Scheinman did review partial medical records for approximately 30 Plaintiffs, but even those opinions should be excluded. *Id.*

determined that their work uniforms were not the cause of their injuries in workers' compensation proceedings.  Plaintiffs whose claims were denied by a state administrative law judge for lack of causation should be precluded from litigating the issue of causation again in this matter. Because a state administrative law judge has already determined, after affording Plaintiffs a full and fair opportunity to contest the issue, that the Lands' End uniform did not cause Plaintiffs' alleged symptoms, Plaintiffs are barred from re-litigating causation under the doctrine of issue preclusion.

Because Plaintiffs cannot prove that the Lands' End uniforms or any component of them could or did cause each Plaintiff's personal injury and certain Plaintiffs have already fully (but unsuccessfully) litigated causation, Lands' End is entitled to summary judgment as to all Plaintiffs' personal injury claims.[2]

## II.   BACKGROUND

### A.    The Development and Launch of the Delta Uniforms

On October 14, 2016, Lands' End entered into a Uniform Apparel Agreement ("Agreement") with Delta Air Lines, Inc. ("Delta") to manufacture uniforms for certain groups of Delta employees.  *See* Dkt. No. 60-1, Agreement.  Lands' End conducted extensive development and production testing for the Delta uniform, as it does with all of its products.  *See* Dkt. No. 59 ("Perrotti Dep."), at 6:7–8:18.  Lands' End contracted with multiple factories in Asia and Europe to manufacture the Delta uniform, a common practice for Lands' End and other American clothing

---

[2] As this Court recently ruled (Dkt. No. 165), there are genuine factual disputes as to crocking and potential damage to property it may have caused.  Lands' End is therefore not seeking summary judgment on Plaintiffs' crocking claims at this time.  Lands' End seeks summary judgment on all eight counts in Plaintiffs' Complaint to the extent those claims are premised on personal injury. *See* Dkt. No. 48.  Consistent with the operative Scheduling Order, Dkt. No. 117, this Motion for Partial Summary Judgment only addresses issues common to groups of Plaintiffs.  Lands' End reserves the right to make additional summary judgment arguments as to each individual Plaintiff at the appropriate time.

manufacturers.  *See id*. at 6:17–18, 99:14–18.  Lands' End took numerous steps to ensure that those factories' processes met Lands' End's safety, social, quality, and technical compliance standards. *See id*. at 7:10–8:18.

Lands' End also engaged several accredited third-party testing agencies to test, inspect, and certify the Delta uniform prior to and during production:  Bureau Veritas, Asian Inspection, Intertek Group Plc, and SGS S.A.  *See id*. at 69:2–20.  Lands' End worked with those agencies to test, monitor, and audit the various stages of manufacturing the Delta uniform items to ensure the uniforms were produced according to Lands' End's safety, quality, and technical compliance standards.  *See id*. at 69:2–70:2, 75:12–76:7.

Pursuant to the terms of the Agreement, Lands' End oversaw the manufacture of the Delta uniform garments to meet Delta's design and performance specifications.  *See* Agreement at Ex. H.  Specifically, Delta required that Lands' End use a number of performance finishes[3] on the Delta uniform.  *See* Dkt. No. 60-2 ("Delta Finishes Testing Report").  All of the performance finishes used on the Delta uniform meet regulatory standards and Lands' End's own safety and technical standards, and are used alone or in combination on other Lands' End products.  *See id.*

Over 1,000 Delta employees "wear tested" the Delta uniform before Delta introduced it company-wide.  *See* Agreement § 3.  The "wear test" cohort included Delta employees from all uniformed divisions, and encompassed employees with different job requirements, work climates, and work conditions.  *See* Dkt. No. 80-5 ("Leader Talking Points Email") at DELTA_00016053. "Wear testers" wore the Delta uniform from December 2016 to March 2017 and none reported

---

[3] Performance finishes are "standard treatments used by Lands' End across their entire clothing line."  Performance finishes, for example, "impart stain/wrinkle resistance and antimicrobial properties."  *See* Dkt. No. 60-2, Delta Finishes Allergy Screening Report at 1. The various Delta Uniform garments had different performance finishes applied to them as Delta specified.  *See* Agreement at Exs. H, I.

that the Delta uniform crocked or caused adverse physical reactions. *See* Dkt. No. 60-9 ("National Institute for Occupational Health June 26, 2019 Letter") at 2. The "wear test" uniforms were manufactured to the same specifications of the full uniform line, as required in the Agreement. *See* Agreement § 3.K.

> **B.     The Launch of the Delta Uniforms and Lands' End's Response to a Small Number of Complaints**

The Delta uniform formally launched on May 28, 2018, on which date Delta began requiring approximately 64,000 employees to wear the Delta uniform when working. Dkt. No. 129, Pls.' Proposed Findings of Fact, ¶ 9. After the launch, Delta and Lands' End began receiving a small number of complaints about the Delta uniform that fell into two categories: issues of crocking (or dye transfer) and alleged physical reactions. *See* Dkt No. 139, Def.'s SOF, ¶ 5. For Delta Employees who contacted Lands' End or Delta and reported experiencing alleged physical reactions to the Delta uniform, Lands' End developed alternative uniform items. *See* Dkt. No. 58 ("Sersch Dep.") at 74:25–75:5, 76:13–25, 80:22–81:7. Those alternatives were made from different fabrics and without certain potential allergens (such as non-wool garments), and additional options that were not treated with the performance treatments and finishes (referred to as the "untreated" garments). *Id.* After each employee obtained Delta's approval, Lands' End sent those alternatives to Delta employees at no cost. *Id.* Many Plaintiffs reported that these "untreated" garments did not affect their symptoms. Lands' End conducted extensive testing to try to determine the root cause of the reported physical reactions. *See* Perrotti Dep. at 89:14–90:11. Lands' End was unable to find any identifiable cause common to all complaints. *Id.* Delta also attempted to determine a cause, and hired Intertox, an independent testing agency, to do so. *Id.* at 58:10-13, 60:12-14. Intertox conducted extensive testing and issued a comprehensive report, made available to all Delta employees, that was also unable to find any identifiable cause. *See*

Dkt. No. 89 ("Abukhdeir Dep.") at 96:17–97:5; Dkt. No. 92 ("Johnson Dep.") at 84:20-24.  In an abundance of caution, Delta discontinued the uniform line apron because of PFAS testing results, even though the levels of PFAS detected were below textile industry limit values.  *See* Perrotti Dep. at 62:18-63:2; Johnson Dep. at 84:20-24.

Although no testing established that the Delta uniform caused any adverse physical reactions, for employees who nonetheless continued to complain of physical reactions after switching to the alternative fabrics and untreated Lands' End garments (through the process described above),  Delta made additional accommodations.  Beginning in the fall of 2018, Delta allowed that limited group of employees to wear a "black and white" uniform comprised of clothing items the employee purchased herself from any source and for which Delta reimbursed the cost up to a maximum of $510.  *See* Dkt. No. 80-7 ("Black and White Uniform Policy") at DELTA_00003472; Johnson Dep. at 72:13–23, 92:12-94:16, 98:11–99:12.  A few months later, by mid-March 2019, Delta implemented a policy that allowed employees who filed and were approved for an on-the-job injury claim to wear the black and white alternative uniform.  *Id.*  Delta offered back-pay to some employees who missed work shifts for associated doctor's appointments or while seeking approval to wear the "black and white" uniform.[4]  *See* Dkt. No. 84 ("Valdez Dep.") at 82:15–83:2; Dkt. No. 88 ("Andrews Dep.") at 135:5–8.  In June 2019, Delta relaxed its policy to allow employees to wear black and white while their on-the-job injury claim was processing.  *See* Johnson Dep. at 92:12–94:16.  Delta later relaxed that requirement even further,

---

[4] In addition to back pay, Delta offered some employees a stipend of up to $5,000 for medical cost and travel to receive treatment at a number of renowned medical facilities, such as the Mayo Clinic. *See, e.g.*, Valdez Dep. at 118:13–119:16; Dkt. No. 87 ("Warner Dep.") at 180:16–181:6; Andrews Dep. at 159:13–161:7.  A number of Delta employees also filed workers' compensation claims, from which the majority of medical costs were covered or a settlement paid.  *See* Abukhdeir Dep. at 84:9–22; Dkt. No. 86 ("Smith Dep.") at 71:21–72:8.

and, as of late 2019, allowed any employee to wear a "black and white" uniform upon request. *See id*. Complaints were not widespread among Delta employees, and after the Delta uniform had been in service for nearly ten months, fewer than one percent of all Delta flight attendants had reported allergic reactions, skin irritation, or dye transfer allegedly caused by the Delta uniform. Leader Talking Points Email at DELTA_00016051. By late 2019, approximately 800 employees had requested to wear black and white. *See* Johnson Dep. at 22:18–23:4.

### C.    Procedural Background

On October 3, 2019, Plaintiffs Gwyneth Gilbert and Michael Marte filed in this Court their complaint on behalf of themselves and a proposed nationwide class. *Gilbert v. Lands' End*, No. 19-cv-823, Dkt. No. 1. On December 31, 2019, 525 named Plaintiffs filed in this Court a different lawsuit alleging injuries from the Delta uniform on behalf of themselves and a proposed nationwide class. *Andrews v. Lands' End*, No. 19-cv-1066. Although their allegations were nearly identical to the *Gilbert* Plaintiffs, the *Andrews* Plaintiffs also sought compensatory damages for the individually named Plaintiffs, as well as medical monitoring and injunctive relief on behalf of the proposed class.

After this Court consolidated the *Gilbert* and *Andrews* matters, Plaintiffs pursued relief on behalf of a proposed nationwide class, and also sought compensatory damages on an individual basis for alleged personal injuries. *See* Dkt. No. 48. Currently there are 603 individual Plaintiffs. *See* Dkt. No. 48, Ex. 1; Dkt. Nos. 97, 115, 153, 166.

This Court denied Plaintiffs' Motion for Class Certification on August 18, 2021. *See* Dkt. No. 165. As a result, this matter now comprises 603 individual cases consolidated before this Court. Defendant Lands' End, Inc.'s Statement of Proposed Findings of Fact in Support of its Motion for Partial Summary Judgment ("Proposed Findings of Fact") ¶ 6. Plaintiffs allege that various garments in their work uniform line, manufactured by Lands' End, caused some variety

of: rashes, itching, skin irritation, blisters, hair loss, reactive airway disease, asthma, lung congestion, shortness of breath, breathing difficulties, dyspnea, excess coughing, nose congestion, sore throat, trouble swallowing, ringing in ears vocal cord dysfunction, sinus irritations, swollen glands, gum bleeding, burning eyes, watery eyes, fatigue, insomnia, anxiety, emotional distress, fuzzy memory, blurred vision, muscle weakness, joint swelling, joint pain, tingling in limbs, tremors, headaches, dizziness, stomach pain, nausea, diarrhea, kidney pain, bloody urine, increased heart rate, and high blood pressure.

### D.    Plaintiffs' Expert Reports

In an attempt to meet their burden to prove causation, Plaintiffs disclosed three experts: Dr. Michael Freeman, an epidemiologist, Dr. Fred Apple, a toxicologist, and Dr. Pamela Scheinman, a dermatologist.[5]    Proposed Findings of Fact ¶ 7.    As explained in Lands' End's accompanying Motions to Exclude those experts, Dkt. Nos. 180, 183, 188, each purported expert relied on limited and/or unreliable data that Plaintiffs' counsel selectively chose, failed to provide scientific evidence showing statistical associations (much less causal connections) between any adverse human health effects and exposure to any substances found in the uniforms, and used flawed methodologies in their analyses.    Even though all of Plaintiffs' alleged symptoms have myriad potential causes and frequently occur among flight attendants in general, Plaintiffs' experts

---

[5] Plaintiffs disclosed an additional expert, Dr. Peter Hauser, who opined on issues of textile chemistry and crocking. *See* Dkt. No. 177, Third Amended Rule 26 Report of Peter J. Hauser, Ph.D ("Hauser Report") at 5-6.  Dr. Hauser does not proffer any opinions on medical issues.  Dkt. No. 171, Deposition of Peter Hauser, Ph.D., March 12, 2021 ("Hauser Dep.") at 220:17– 221:3, 308:16-18 ("I am not making any statements or implying anything about health.").  Dr. Hauser's opinions are not relevant to Lands' End's Motion for Partial Summary Judgment, and as a result, Lands' End does not challenge his opinions at this time.  Lands' End reserves its right to challenge Dr. Hauser's opinions at a later phase of the case.

failed to consider any alternative causes for Plaintiffs' alleged symptoms. Further, none of those experts opined that there was a defect in the uniforms.[6]

Perhaps recognizing their Rule 26(a)(2)(B) experts fail to establish specific causation, 174 Plaintiffs made treating physician disclosures pursuant to Rule 26(a)(2)(C). Proposed Findings of Fact, ¶ 11. As explained in Lands' End's accompanying Memorandum is Support of Motion to Exclude Treating Physician Disclosures, Dkt. No. 192, many of those disclosures fail to provide sufficient causation opinions and should be excluded.

## III.   CHOICE OF LAW

This Court has jurisdiction over this case on the basis of diversity. As such, federal procedural law and state substantive law apply. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 754–55 (7th Cir. 2004) (stating that the Federal Rules of Civil Procedure govern whether expert testimony was properly excluded, but using state law to determine whether the lack of expert medical testimony defeated plaintiff's claims). Plaintiffs filed this action in Wisconsin, where Lands' End is headquartered, but Plaintiffs are domiciled, were allegedly injured, or were treated in roughly 40 different jurisdictions in the United States.[7] Fortunately, every United States jurisdiction requires expert evidence of both general and specific causation in a complex medical causation case in order for a personal injury claim to survive summary judgment. *See, e.g.*, *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 387 F. Supp. 3d 323, 337 (S.D.N.Y. 2019), *aff'd*, 982 F.3d 113 (2d Cir. 2020) ("[A]ll [55 different jurisdictions, including

---

[6] Dr. Hauser, Plaintiffs' textile expert, testified that the crocking and bleeding from the uniforms was defective as a result of a failure to afterwash or scour the uniforms, but as mentioned, he was explicit that his opinions were not related to any potential medical issues. Hauser Report at 5-6; Hauser Dep. at 220:17– 221:3, 308:16-18.

[7] Proposed Findings of Fact, ¶¶ 3-4.

all 50 states] require some evidence of general causation.").[8]    Thus, the outcome is the same

regardless of which state's substantive law applies to each personal injury claim.  Lands' End is

_____

[8] *See, e.g.*, *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005) (Alabama);
*Baker v. Baker Hughes Oilfield Operations, Inc.*, 2018 WL 3625834, at *5 (D. Alaska July 30,
2018) (Alaska); *Cloud v. Pfizer Inc.*, 198 F. Supp. 2d 1118, 1132 (D. Ariz. 2001) (Arizona); *Nat'l
Bank of Commerce v. Associated Milk Producers, Inc.*, 22 F. Supp. 2d 942, 949 (E.D. Ark. 1998),
*aff'd sub nom. Nat'l Bank of Commerce of El Dorado v. Associated Milk Producers, Inc.*, 191 F.3d
858 (8th Cir. 1999) (Arkansas); *Nelson v. Matrixx Initiatives, Inc.*, 592 F. App'x 591, 592 (9th Cir.
2015) (California); *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 886 (10th Cir. 2005)
(Colorado); *Beyer v. Anchor Insulation Co.*, 238 F. Supp. 3d 270, 294 (D. Conn. 2017)
(Connecticut); *Scaife v. Astrazeneca LP*, 2009 WL 1610575, at *20 (Del. Super. June 9, 2009)
(Delaware); *Arias v. DynCorp*, 928 F. Supp. 2d 1, 6, 9 (D.D.C. 2013), *aff'd*, 752 F.3d 1011 (D.C.
Cir. 2014) (District of Columbia); *In re Trasylol Prods. Liab. Litig.*, Nos. MDL-1928, 08-MD-
1928, 2013 WL 1192300, at *5 (S.D. Fla. Mar. 22, 2013) (Florida); *Siharath v. Sandoz Pharm.
Corp.*, 131 F. Supp. 2d 1347, 1352 (N.D. Ga. 2001), *aff'd, Rider v. Sandoz Pharm. Corp.*, 295
F.3d 1194 (11th Cir. 2002) (Georgia); *Forsyth v. Eli Lilly & Co.*, No. CIV. 95-00185 ACK, 1998
WL 35152135, at *8 (D. Haw. Jan. 5, 1998) (Hawaii); *Earl v. Cryovac, A Div. of W.R. Grace Co.*,
772 P.2d 725, 726 (Idaho Ct. App. 1989) (Idaho); *Lewis v. PDV Am., Inc.*, 532 F. Supp. 2d 1006,
1010 (N.D. Ill. 2008), *aff'd, Lewis v.CITGO Petroleum Corp.*, 561 F.3d 698 (7th Cir. 2009)
(Illinois); *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 838 (7th Cir. 2015) (Indiana); *Ranes
v. Adams Labs., Inc.*, 778 N.W.2d 677, 688 (Iowa 2010) (Iowa); *Vanderwerf v.
SmithKlineBeecham Corp.*, 529 F. Supp. 2d 1294, 1306 (D. Kan. 2008) (Kansas); *Hans v. Matrixx
Initiatives, Inc.*, 2007 WL 2668594, at *3 (W.D. Ky. Sept. 6, 2007) (Kentucky); *Burst v. Shell Oil
Co.*, 2014 WL 3893304, at *2 (E.D. La. Aug. 8, 2014) (Louisiana); *Millett v. Atl. Richfield Co.*,
2000 WL 359979, at *13 (Super. Ct. Maine Mar. 2, 2000) (Maine); *Sugarman v. Liles*, 190 A.3d
344, 353–54 (Ct. App. Md. 2018) (Maryland); *Milward v. Rust-Oleum Corp.*, 820 F.3d 469, 476
(1st Cir. 2016) (Massachusetts); *Schaendorf v. Consumers Energy Co.*, 2009 WL 563904, at *8
(Mich. Ct. App. Mar. 5, 2009) (Michigan); *In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950,
968 (D. Minn. 2009) (Minnesota); *Watts v. Radiator Specialty Co.*, 990 So. 2d 143, 151 (Miss.
2008) (Mississippi); *Glastetter v. Novartis Pharm. Corp.*, 107 F. Supp. 2d 1015, 1045 (E.D. Mo.
2000), *aff'd*, 252 F.3d 986 (8th Cir. 2001) (Missouri); *Brumbaugh v. Sandoz Pharm. Corp.*, 77 F.
Supp. 2d 1153, 1155 n.1 (D. Mont. 1999) (Montana); *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 984
(8th Cir. 2010) (Nebraska); *Jernee v. Kennametal, Inc.*, 2015 WL 134767, at *1 (Nev. Jan. 8, 2015)
(Nevada); *Grimes v. Hoffmann-LaRoche, Inc.*, 907 F. Supp. 33, 35 (D.N.H. 1995) (New
Hampshire); *In re Phenylpropanolamine (PPA)*, 2003 WL 22417238, at *20 (N.J. Super. Ct. Law
Div. July 21, 2003) (New Jersey); *Firstenberg v. Monribot*, 350 P.3d 1205, 1212 (N.M. Ct. App.
2015) (New Mexico); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 268 (2d. Cir.
2002) (New York); *Dunn v. Sandoz Pharm. Corp.*, 275 F. Supp. 2d 672, 676 (M.D.N.C. 2003)
(North Carolina); *Anderson v. Hess Corp.*, 592 F. Supp. 2d 1174, 1178 (D.N.D. 2009) (North
Dakota); *Valentine v. PPG Indus., Inc.*, 821 N.E.2d 580, 588 (Ohio Ct. App. 2004), *aff'd sub nom.*,
*Valentine v. Conrad*, 850 N.E.2d 683 (Ohio 2006) (Ohio); *Hollander v. Sandoz Pharm. Corp.*, 289
F.3d 1193, 1214 (10th Cir. 2002) (Oklahoma); *Phelps v. Wyeth, Inc.*, 938 F. Supp. 2d 1055, 1068

entitled to summary judgment on all personal injury claims in this case because, as detailed below, no Plaintiff has put forth any evidence to establish general or specific causation for her alleged injury.

## IV.    ARGUMENT

### A.    Each Individual Claim Maintains a "Separate Identity," And Each Plaintiff Will Have to Prove Each Element of Her Case at Trial

At trial, each and every Plaintiff in this case will have to prove: (1) that there was a substance or combination of substances in their uniform items over some threshold level, (2) that rendered the garment defective, (3) that was capable of causing their alleged personal injuries, and (4) that did in fact cause those alleged injuries.  Though Plaintiffs' individual claims were consolidated for pretrial efficiencies in a fashion similar to multidistrict litigation, the purpose of joinder is not to relieve from each plaintiff her burden to prove each element of her claim.  *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (permissive joinder does "not [] merge the plaintiffs' rights so that the defendant loses defenses that he might have had against one of the plaintiffs"); *see also In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 592 (6th Cir.

---

(D. Or. 2013) (Oregon); *Soldo v. Sandoz Pharm. Corp.*, 244 F. Supp. 2d 434, 524–25 (W.D. Pa. 2003) (Pennsylvania); *Velazquez v. Abbott Labs.*, 901 F. Supp. 2d 279, 293 (D.P.R. 2012) (Puerto Rico); *Mills v. State Sales, Inc.*, 824 A.2d 461, 468 (R.I. 2003) (Rhode Island); *In re Bausch & Lomb Inc. Contacts Lens Sol. Prods. Liab. Litig.*, 693 F. Supp. 2d 515, 518 (D.S.C. 2010), *aff'd*, *Fernandez-Pineiro v. Bausch & Lomb, Inc.*, 429 F. App'x 249 (4th Cir. 2011) (South Carolina); *Garrido v. Team Auto Sales, Inc.*, 913 N.W.2d 95 (S.D. 2018) (South Dakota); *Alcoa, Inc. v. McCroskey*, 2018 WL 5619688, at *2 n.2 (Tenn. Workers Comp. Panel Oct. 30, 2018) (Tennessee); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714, 730 (Tex. 1997) (Texas); *Shipley v. Forest Labs., Inc.*, 2015 WL 4199739, at *4 (D. Utah July 13, 2015) (Utah); *Blanchard v. Eli Lilly & Co.*, 207 F. Supp. 2d 308, 314, 322 (D. Vt. 2002) (Vermont); *Zellars v. NexTech Ne., LLC*, 895 F. Supp. 2d 734, 739 (E.D. Va. 2012), *aff'd*, 533 F. App'x 192 (4th Cir. 2013) (Virginia); *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1177 (E.D. Wash. 2009) (Washington); *Meade v. Parsley*, No. 2:09-CV-00388, 2010 WL 4909435, at *5 n.5 (S.D. W. Va. Nov. 24, 2010) (West Virginia); *Schultz v. Glidden Co.*, No. 08-C-919, 2012 WL 968005, at *2 (E.D. Wis. Mar. 21, 2012), *aff'd in part, rev'd in part on other grounds sub nom. Schultz v. Akzo Nobel Paints, LLC*, 721 F.3d 426 (7th Cir. 2013) (Wisconsin); *Estates of Tobin by Tobin v. SmithKline Beecham Pharm.*, 164 F. Supp. 2d 1278, 1287 (D. Wyo. 2001) (Wyoming).

2013) (stating in MDL context, "[w]hen the pretrial phase ends and cases not yet terminated return to their originating courts for trial, the plaintiffs' actions resume their separate identities.").  With their expert reports, Plaintiffs attempt to ignore this basic principle of joinder and merge their claims, opining on generalities, rather than putting forth admissible evidence of causation for each Plaintiff.  Plaintiffs' experts opine that there were some substances present in some tests on some uniform garments (while ignoring that those same substances were often *not* present in other testing), and those substances can cause health effects.  From that rickety foundation, Plaintiffs' experts attempt to conclude that all of Plaintiffs' alleged health symptoms were in fact caused by the uniforms.  But in doing so, Plaintiffs' experts skip necessary steps in the analysis and use unreliable data, rendering those opinions useless to a jury and inadmissible.  *See generally* Def.'s Memoranda in Support of Motions to Exclude Drs. Apple, Freeman, and Scheinman, Dkt. Nos. 181, 184, 189, (outlining flaws in each purported expert's methodology and analysis).  None of Plaintiffs' experts can reliably link substances found in the garments to Plaintiffs' injuries.  *See id.* And none of Plaintiffs' experts opine that a defect in the uniform is capable of causing Plaintiffs' injuries.[9]  *See id.*  As detailed below, because Plaintiffs have no admissible expert evidence to establish that the alleged defect could cause the alleged injuries, Plaintiffs cannot establish general or specific causation and this Court should grant Lands' End's motion for partial summary judgment as to Plaintiffs' personal injury claims.

---

[9]  As mentioned, Dr. Hauser opines that crocking and bleeding was caused by defective afterwashing and/or scouring of the uniforms.  As explained below, Plaintiffs' experts only allege that this defect was capable of causing property damage, not personal injury.

### B.    Plaintiffs' Claims Fail Because Their Experts Failed to Identify a Defect Capable of Causing Personal Injury

To prove necessary elements of each personal injury case, Plaintiffs' experts must establish a causal connection between (1) a defect and (2) each Plaintiff's alleged injuries. *See, e.g.*, 63 Am. Jur. 2d Products Liability § 531 ("The chief elements which a plaintiff must prove in a case involving strict liability in tort are: (1) the defective and (according to most authorities) unreasonably dangerous condition of the defendant's product; and (2) a causal connection between such condition and the plaintiff's injuries or damages."); W. Page Keeton et al., Prosser and Keeton on Torts § 102, at 710-11 (5th ed. 1984) ("Product defect under strict liability must be a proximate cause of claimant's injury."); *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 86 (2d Cir. 2006) (explaining that under New York law, "[i]t is well settled that [ ] whether [an] action is pleaded in strict products liability ... or negligence, it is a consumer's burden to show that *a defect* in the product was a substantial factor in causing the injury"); *Murray v. Fairbanks Morse*, 610 F.2d 149, 154 (3d Cir. 1979) ("In a traditional strict products liability action brought under Restatement (Second) of Torts, § 402A, the plaintiff need prove only three elements to recover: (1) the existence of a defect, (2) in an unreasonable dangerous condition, (3) which proximately causes the injury."); *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007) ("[W]ith respect to strict liability actions, the plaintiff must prove that: (1) the product was defective and unreasonably dangerous; (2) the defective condition existed at the time the product left the defendant's control; and (3) the defective condition was the proximate cause of the plaintiff's injuries.").

Only Dr. Hauser, Plaintiffs' textile expert, testified as to any alleged defect in the uniform, identifying a failure to afterwash or scour as the defect, but that supposed defect did not relate to potential toxins capable of causing personal injury.  Hauser Report at 5-6; Hauser Dep. at 220:17–221:8.  Dr. Hauser's opinion was limited to the *property damage* caused by crocking or dye

transfer. Dr. Hauser was clear that he was not providing any testimony connecting crocking to any claimed personal injuries. *Id.* Plaintiffs' other experts, Drs. Apple, Freeman, and Scheinman, do not themselves identify a defect in the uniforms. Thus, Plaintiffs have no expert evidence of a defect that is connected to their alleged personal injuries. At best, Drs. Apple, Freeman, and Scheinman cite results of laboratory testing on some garments, some of which allegedly showed substances at "elevated" levels or levels exceeding certain industry limit values. The experts did not personally conduct any of the testing, however. The lab results that the experts rely on do not draw conclusions about or even discuss a defect; they report levels of various substances. *See, e.g.*, Dkt. Nos. 56-11, 56-12, 56-13, 56-15, 69 (Ex. A). Plaintiffs needed to (but did not) put forward an expert witness to interpret those laboratory testing results to assist the fact finder in determining what, if anything, is problematic in the garments, and thus defective. Critically, none of Plaintiffs' experts opine that the mere presence of the substances in the uniforms rendered them defective, or at what levels of those substances the uniforms would render the garments defective. In fact, Dr. Hauser testified that many of the substances that Plaintiffs' other experts allege were potentially harmful, though not defective (fluorine, magnesium, silicon, and sodium), are normal in garments or were found in very low levels which were not concerning to him. Hauser Dep. at 266:18–267:17, 268:22–269:15, 277:20–278:2. Even if any individual Plaintiffs were later to conduct additional testing on their own uniforms, those Plaintiffs would lack the necessary expert testimony showing what level of any substance renders a garment defective. Plaintiffs will bear the burden at trial of establishing a *defect* capable of causing their alleged injuries, an essential element of their case, and are incapable of doing so. There is no evidence of a defect associated with Plaintiffs' personal injuries (as opposed to property damage). Lands' End is entitled to partial summary judgment as a result. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986)

(Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

**C.     Plaintiffs' Cannot Establish General Causation for Their Personal Injury Claims, and Lands' End is Entitled to Summary Judgment as a Result**

      1.     <u>Plaintiffs Require Expert Testimony on General Causation Because Their Complex Medical Causation Theory is Beyond the Understanding of a Lay Person.</u>

Lands' End is also entitled to partial summary judgment on all of Plaintiffs' remaining personal injury claims because Plaintiffs' experts have failed to provide admissible evidence of general causation showing that the Delta uniforms are even capable of causing the alleged injuries. "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010) (quotation omitted).  "[A] plaintiff must establish general causation before moving to specific causation." *Id*.  In all of the various jurisdictions where Plaintiffs reside, a plaintiff must establish both general and specific causation in products liability cases involving medical causation issues. *See, e.g.*, *In re Mirena*, 387 F. Supp. 3d at 337 ("[A]ll [55 different jurisdictions, including all 50 states] require some evidence of general causation.").[10]  Likewise, in each jurisdiction expert testimony on causation is necessary in all "[p]ersonal injury cases involving pharmaceuticals, toxins or medical devices [that] involve complex questions of medical causation beyond the understanding of a lay person." *In re Baycol Prods. Litig.*, 321 F. Supp. 2d 1118, 1126 (D. Minn. 2004); *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004); *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1214 (10th Cir. 2004); *Green v. Ensign-Brickford Co.*,

---

[10] *See* footnote 6, *supra*.

595 A.2d 1383, 1388 (Conn. 1991); *Waller v. Indus. Comm'n*, 406 P.2d 197, 200 (Ariz. 1965); *Stephen v. Ford Motor Co.*, 37 Cal. Rptr. 3d 9, 17 (Cal. Ct. App. 2005).

Despite Plaintiffs' efforts to paint a picture in broad strokes, each Plaintiff's personal injury claim is exceedingly complex.  Collectively, the 603 Plaintiffs allege that some (but perhaps not all) of the garments in the uniform line contained varying substances, including fluorine, sodium, magnesium, silicon, silicone, chromium, bromine, barium, nickel, antimony, mercury, and/or formaldehyde which, acting either alone or in relation to other substances, were either absorbed dermally or inhaled, and caused numerous unrelated ailments: rashes, blisters, hair loss, reactive airway disease, asthma, lung congestion, shortness of breath, dyspnea, excess coughing, congestion, sore throat, trouble swallowing, ringing in ears, vocal cord dysfunction, sinus irritations, swollen glands, gum bleeding, eye irritation, blurred vision, fatigue, insomnia, anxiety, memory loss, muscle weakness, joint swelling, joint pain, tingling in limbs, tremors, headaches, dizziness, stomach pain, nausea, diarrhea, kidney pain, bloody urine, increased heart rate, and high blood pressure.  Such a complicated set of variables with potential but unclear causal relationships is beyond the knowledge of the lay juror and requires admissible expert testimony under the law of each Plaintiff's domicile.

   2.   Plaintiffs Have No Admissible Expert Testimony on General Causation

Here, Plaintiffs lack any such testimony on general causation, because the testimony offered by Drs. Apple, Freeman, and Scheinman is based on unreliable data and unsound methodologies, such that the proffered opinions must be excluded for the reasons stated in Lands' End's Motions to Exclude.  Each of Plaintiffs' experts fails to establish general causation by a reliable methodology:

- Dr. Apple, a toxicologist, relies on textile testing results, commissioned by Plaintiffs' counsel, and partial medical records from 24 Plaintiffs to conclude that

17

wearing the Lands' End uniforms caused all 1,001 Plaintiffs' 41 different self-reported symptoms.

- o Dr. Apple never states *which* substance in the testing results could have caused *which* symptoms, never assesses how much of any substance any Plaintiff was exposed to, ignores basic principles of toxicology like exposure routes, and directly contradicts others like dose response and permissible exposure levels.   For additional issues with Dr. Apple's testimony and further explanation, *see* Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Fred Apple, Ph.D., Dkt. No. 184.

- Dr. Freeman, an epidemiologist, uses the questionnaire responses that Plaintiffs prepared as part of this litigation, to conduct a modified Bradford Hill analysis as to general causation.

- o The questionnaire responses, on which Dr. Freeman bases his entire analysis, are unverified, biased, and completely unreliable.   Dr. Freeman also applies a version of the Bradford-Hill criteria which he himself modified without any explanation, and that modification has no basis in science or in peer-reviewed literature.   For additional issues with Dr. Freeman's testimony and further explanation, *see* Lands' End, Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Michael Freeman, Ph.D., Dkt. No. 181.

- Dr. Scheinman, a dermatologist, also relies on the textile testing results commissioned by Plaintiffs' counsel, as well as partial records from 16 Plaintiffs[11] to conclude that the uniforms were the cause of all of Plaintiffs' alleged injuries.

  o Dr. Scheinman made clear in her testimony all of the many steps that a doctor must take to reliably diagnose a patient and determine the cause of that patient's injury, such as reviewing a complete medical history, speaking with the patient, conducting a physical examination, and ruling out alternative causes. Dr. Scheinman took none of those steps here, and instead relied on, at best, partial medical records. For additional issues with Dr. Scheinman's testimony and further explanation, *see* Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Pamela Scheinman, M.D., Dkt. No. 189.

None of Plaintiffs' experts discuss what levels of the various substances Plaintiffs were exposed to or what symptoms those substances could have caused at what levels. At most, Plaintiffs' experts assert, based on limited and inconsistent data, that certain substances were present in certain garment testing results, and then attempt to conclude that *all* Plaintiffs' symptoms necessarily were caused by their various uniform items, without regard to which items Plaintiffs wore or from which symptoms they allegedly suffered. Beyond supposition and surmise, Plaintiffs' experts do not proffer evidence showing that the substances that were purportedly found in certain of the Lands' End uniform garments are capable of causing the alleged symptoms as to all Lands' End uniform garments. Because Plaintiffs' expert reports are not subject to the scientific

---

[11] One of those Plaintiffs has since been dismissed from this action.

method, but are "subjective belief or unsupported speculation," their opinions must be excluded from this case. *Chapman v. Maytag Corp*, 297 F.3d 682, 687 (7th Cir. 2002).

Nor can Plaintiffs save their personal injury claims from summary judgment by skipping over general causation and instead relying on just treating physician disclosures purporting to prove specific causation. In every jurisdiction, to succeed on a personal injury claim, a plaintiff must first adduce competent evidence that the product is capable of causing the condition at issue, and may not rely upon purported evidence of specific causation as a substitute for a failure to offer evidence to establish general causation. *In re Mirena*, 387 F. Supp. 3d at 340 (collecting cases); *see, e.g.*, *Norris*, 397 F.3d at 887 ("In concluding that Plaintiff's systemic injuries were a result of her silicone breast implants, Plaintiff's experts attempted to demonstrate specific causation without first demonstrating general causation .... [A]t best, silicone-associated connective tissue disease is an untested hypothesis .... Therefore, there is no scientific basis for any expert testimony as to its specific presence in Plaintiff."); *In re Rezulin Prods. Liab. Litig.*, 441 F. Supp. 2d 567, 578 (S.D.N.Y. 2006) ("[E]vidence of specific causation is irrelevant without evidence of general causation." (citing *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 251 n.1 (2d Cir. 2005)); *Soldo*, 244 F. Supp. 2d at 525 ("If plaintiff has not demonstrated sufficiently reliable evidence of *general* causation, her claims fail and there is no need to consider *specific* causation."); *In re General Motors LLC Ignition Switch Litig.*, 2017 WL 6729295, at *7 (S.D.N.Y. Dec. 28, 2017) ("[A]bsent admissible evidence ... of general causation[ ] there is no basis to opine ... [on] specific causation[ ]."). As a result, Plaintiffs do not have admissible expert testimony regarding general causation and cannot defeat summary judgment on their personal injury claims. *See, e.g., C.W. ex rel. Wood*, 807 F.3d at 838 ("With no experts to prove causation ... the appellants cannot prove their toxic-tort case ... [and] summary judgment was proper."); *In re Denture Cream Prods. Liab. Litig.*, 204

20

F. Supp. 3d 1348, 1352 (S.D. Fla. 2016) ("As the Court found the general causation expert reports submitted by the other MDL Plaintiffs inadequate in its *Daubert* Order ... [r]emaining Plaintiffs have failed to prove general causation. Thus, ... summary judgment is appropriate."); *In re Viagra*, 658 F. Supp. 2d at 956 ("[A]bsent an admissible general causation [expert] opinion, Plaintiffs' claims necessarily fail and [defendant's] motion for summary judgment must be granted."); *In re Rezulin*, 441 F. Supp. 2d at 579 ("[P]laintiffs therefore have failed to provide admissible evidence of general or specific causation of silent liver injury. Without the necessary and admissible expert evidence, there is no genuine issue of material fact as to causation, and summary judgment is appropriate.").

### D.   The Vast Majority of Plaintiffs Also Fail to Establish Specific Causation

Even if Plaintiffs had evidence to establish general causation for their alleged personal injuries (which they do not), the vast majority of Plaintiffs also lack admissible evidence of specific causation.   To survive summary judgment, each Plaintiff must have evidence that the alleged defect in fact caused her alleged injuries.   *Wells*, 601 F.3d at 378 ("[S]pecific causation is whether a substance caused a particular individual's injury.").   As with general causation, every jurisdiction requires a plaintiff to offer admissible expert testimony regarding specific causation in a complex medical causation case such as this.   *See, e.g.*, *Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999) ("[E]xpert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction or injuries is generally not within the sphere of the common knowledge of the lay person.") (internal alterations and quotation marks omitted); *McClain*, 401 F.3d at 1237 (holding that "[p]laintiffs must prove the toxicity of [a product] and that it had a toxic effect on them causing the injuries that they suffered," and that "[t]his type of proof requires expert testimony"); *In re Baycol*, 321 F. Supp. 2d at 1126 ("[P]ersonal injury cases involving pharmaceuticals, toxins or medical devices involve complex

questions of medical causation beyond the understanding of a lay person."); *In re Mirena*, 387 F. Supp. 3d at 342 ("[G]enerally in products liability cases involving complex causation issues, including cases involving pharmaceuticals or medical devices, 'to establish causation, plaintiffs must offer admissible expert testimony regarding both general causation and specific causation.'" (quoting *Amorgianos*, 303 F.3d at 268)).

There are several ways that each Plaintiff in this action might try to prove specific causation: an opinion from a treating physician pursuant to Rule 26(a)(2)(C), one or more opinions from retained experts, or both.[12]   The Court should first assess whether Plaintiffs have expert evidence from treating physicians disclosed pursuant to Rule 26(a)(2)(C), and then consider whether any of Plaintiffs' retained experts provide admissible evidence of specific causation.[13]

1.   <u>Plaintiffs With Rule 26(a)(2)(C) Disclosures from Treating Physicians</u>

There are 174 Plaintiffs who disclosed treating physicians pursuant to Rule 26(a)(2)(C). Put differently, 429 Plaintiffs did not disclose any treating physicians.[14]   But for 79 of those 174 Plaintiffs who did, the treating physicians they disclosed cannot provide admissible evidence of specific causation because they did not form causation opinions in the course of treatment.[15]

---

[12] Plaintiffs' counsel has previously suggested that some Plaintiffs might not need expert testimony to prove their case.  In support of that proposition, they have hypothesized that there could be a flight attendant who got a rash immediately after wearing the uniform, purchased an over-the-counter topical treatment for the rash, and never sought treatment from any health care professionals.  Plaintiffs suggest that such a hypothetical person's claims could be decided by a jury based on nothing more than common sense.  But based on the documentation Plaintiffs have produced, to the extent that such a flight attendant exists,  she is not a Plaintiff in this case.  The Plaintiffs' claims in this matter are complex, and causation requires expert evidence.

[13] A chart summarizing each Plaintiffs' alleged evidence of specific causation is attached as Appendix A.

[14] The full list of Plaintiffs who did not disclose treating physicians is attached as Appendix B.

[15] The full list of Plaintiffs who disclosed treating physicians, but for whom no treating physician formed a causation opinion in the course of treatment is attached as Appendix C.

22

Therefore, for the reasons explained in Defendant Lands' End, Inc.'s Motion to Exclude Testimony of Plaintiffs' Rule 26(a)(2)(C) experts, those treating physicians should be precluded from offering causation testimony. Those 79 Plaintiffs lack admissible expert evidence from treating physicians, and must rely entirely on Plaintiffs' retained expert witnesses.[16]

> ### 2.    Plaintiffs Who Rely Entirely on Retained Experts for Evidence of Specific Causation

508 of 603 Plaintiffs' claims rise or fall with the admissibility of the retained experts' specific causation opinions, as they either did not disclose treating physicians, or disclosed only treating physicians who did not form a causation opinion during the course of treatment (and thus must be excluded). These 508 Plaintiffs thereby rely entirely on Plaintiffs' retained expert witnesses to provide admissible evidence regarding specific causation.

While Drs. Apple and Scheinman claim to give specific causation opinions as to *all* Plaintiffs, they reviewed partial medical records for only roughly 30 Plaintiffs combined. Both Drs. Scheinman and Apple admitted that they had no information about the other roughly 570 Plaintiffs in this case, and would at best be extrapolating from the 30 Plaintiffs' partial medical records that they reviewed. Dkt. No. 170, Deposition of Pamela Scheinman, M.D., February 9, 2021 at 270:25–271:6; Dkt. No. 168, Deposition of Fred Apple, Ph.D, April 14, 2021 at 100:1– 102:17. Neither expert can credibly provide an opinion about the cause of a particular Plaintiff's injury when they have no evidence about that Plaintiff or their alleged injuries whatsoever. And

---

[16] Lands' End maintains that all Plaintiffs' personal injury claims should be dismissed for the reasons stated in Sections IV.A-C, *infra*, and therefore the Court should not even reach this analysis. But if the Court does reach this point of the analysis, Lands' End is not challenging *specific* causation as to the 95 Plaintiffs who have treating physician disclosures that are not subject to Lands' End, Inc.'s Motion to Exclude Testimony from Plaintiffs' Rule 26(a)(2)(C) Experts. Lands' End reserves the right to challenge specific causation as to those Plaintiffs on individual bases at a later time.

even as to the 30 Plaintiffs for whom Drs. Apple and Scheinman did review partial records, those opinions should be excluded.  *See* Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Fred Apple, Ph.D., Dkt. No. 184; Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Pamela Scheinman, M.D., Dkt. No. 189.

Unlike Drs. Apple and Scheinman, Dr. Freeman only purports to provide a specific causation opinion that a Plaintiff's symptoms were more likely than not caused by the uniform about 276 remaining Plaintiffs, listed in Exhibit A of his report, admitting that he would need additional evidence to reach conclusions about other Plaintiffs.[17]   And as with Drs. Apple and Scheinman, Dr. Freeman's opinions as to those 276 Plaintiffs should be excluded as well.  *See* Lands' End Inc.'s Memorandum of Law in Support of Motion to Exclude the Opinions of Michael Freeman, Ph.D., Dkt. No. 181.  As a result, the 508 Plaintiffs who must rely on Plaintiffs' retained 26(a)(2)(B) experts have no admissible specific causation testimony, and Lands' End is entitled to summary judgment on their personal injury claims.

> ### E.   Issue Preclusion Bars Plaintiffs who Filed and Were Denied Workers' Compensation Claims From Bringing Suit and Lands' End is Entitled to Summary Judgment on Those Claims

Both prior to and throughout this litigation, hundreds of Plaintiffs filed workers' compensation claims related to the Delta uniform with Sedgwick Claims Management Services ("Sedgwick"), Delta's claims management services provider.  Based on the claim files that were produced in this litigation, Sedgwick denied many of Plaintiffs' claims due to inability to show a causal relationship between the uniforms and Plaintiffs' alleged symptoms.  A relatively small number of those Plaintiffs appealed Sedgwick's denial to their state Workers' Compensation

---

[17] The full list of Plaintiffs who were not included in Dr. Freeman's report, for whom Drs. Apple and Scheinman reviewed no materials whatsoever, and who did not make Rule 26(a)(2)(C) disclosures is attached as Appendix D.

Board and some of those claims were denied on the merits (many other appeals were denied due to lack of prosecution or failure to appear). Plaintiffs whose claims were denied by a state administrative law judge for lack of causation are precluded from litigating the issue of causation again in this matter. Because a state administrative law judge has already determined, after affording those Plaintiffs a full and fair opportunity to contest the issue, that the Delta uniform did not cause the alleged symptoms, Plaintiffs cannot show causation for their personal injury claims and Lands' End is entitled to summary judgment on their claims.

The collateral estoppel doctrine[18] prevents the "relitigation of issues in a subsequent proceeding when . . . the issues which form the basis of the estoppel were actually litigated and decided on the merits." *Cook Cty. v. MidCon Corp.*, 773 F. 2d 892, 898 (7th Cir. 1985); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (explaining that issue preclusion bars successive litigation even if the issue recurs in the context of a different claim). "To determine whether issue preclusion applie[s]," federal district courts look to the law on preclusion in the state "where the [prior] judgment was rendered." *Adams v. Adams*, 738 F. 3d 861, 865 (7th Cir. 2013) (citing 28 U.S.C. § 1738; *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82 (1982)).

Based on the claim files Sedgwick produced in this litigation, all Plaintiffs whose workers' compensation appeals were denied for failure to show causation filed such appeals in New York.[19] Accordingly, this Court must give the same preclusive effect to the Workers' Compensation Board decisions as those decisions would receive under New York state law. *Allen v. McCurry*, 449 U.S. 90, 101 (1980); *see also United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)

---

[18] Collateral estoppel and issue preclusion are synonyms.

[19] The following Plaintiffs must be estopped from relitigating whether the uniforms caused their purported health symptoms: Angela Barthelemy, Javier Bazan-Stone, and Caroline Vangrieken.

("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.").

Under New York law, "[i]n order to invoke the collateral estoppel doctrine it is required that (1) an issue in the present proceeding be identical to that necessarily decided in the prior proceeding, and (2) in the prior proceeding the party against whom preclusion is sought was afforded a full and fair opportunity to contest the issue." *Langdon v. WEN Mgmt. Co.*, 147 A.D.2d 450, 451, 537 N.Y.S.2d. 603, 604 (N.Y. App. Div. 1989). Collateral estoppel applies to determinations by the Workers' Compensation Board. *Ryan v. New York Tel. Co*., 467 N.E.2d 487, 499 (N.Y. 1984). The requirements for collateral estoppel are satisfied here. When Plaintiffs appealed the denials from Sedgwick, the issue on appeal was whether there was evidence that the uniforms caused Plaintiffs' alleged symptoms for which Plaintiffs would be entitled to workers' compensation benefits. *See* Proposed Findings of Fact ¶ 18 (Aug. 19, 2020 Workers' Compensation Board Order for Plaintiff Caroline Vangrieken) at 1 ("The issue presented for Administrative Review is whether the medical evidence supports establishing this claim for causally related chronic nasal congestion, post-nasal drip and a skin rash."). In the context of each such appeal, the Plaintiff in question underwent independent medical evaluations, presented evidence of her alleged symptoms, conducted depositions, and was fully heard on her claims. *See, e.g.*, Proposed Findings of Fact ¶¶ 14, 17, 21 (independent medical evaluations of Plaintiffs Barthelemy, Bazan-Stone, and Vangrieken). In each case, the administrative law judge or the Workers' Compensation Board Panel determined that there was no causal relationship between Plaintiffs' alleged symptoms and the uniform. *See* Proposed Findings of Fact ¶ 15 (Judge Enobakhare Feb. 2, 2021 Decision re: Angela Barthelemy) ("[T]here is no work related causality

26

to the sites claimed.  The claim for occupation disease from work uniform due to chemical exposure, pruritic erythematous, hair loss, fatigue, menstrual abnormality, memory loss, impairment and couching is hereby dismissed."); *id.* ¶ 22 (Judge Enobakhare Jan. 14, 2021 Decision re: Javier Bazan-Stone) ("[T]he claimant has no prima facie medical evidence for allergic rhinitis as the doctor testified that he cannot state within a reasonable degree of medical certainty that the uniform in question caused the claimant's allergic rhinitis."); *id.* ¶ 19 (Aug. 19, 2020 Workers' Compensation Board Order for Plaintiff Caroline Vangrieken) ("Upon review of the file, the Board Panel finds insufficient evidence to find this claim compensable.").

The doctrine of collateral estoppel precludes the Plaintiffs at issue from relitigating the prior determinations by Judge Enobakhare and the New York Workers' Compensation Board. *Ryan*, 467 N.E.2d at 502 ("A comparison of the material issues raised in this action with those resolved by the prior administrative determination, and an examination of the prior proceeding itself show that both requisite criteria, the identicality and decisiveness of the issues and the opportunity for a full and fair hearing have been satisfied.").  Plaintiffs had a full and fair opportunity to litigate whether the uniform caused their issues in the course of their workers' compensation appeal, they may not do so again.

## V.    CONCLUSION

For the foregoing reasons, Lands' End respectfully requests that this Court grant partial summary judgment in its favor as to all of Plaintiffs' claims sounding in personal injury.

Dated: October 4, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By:     s/ U. Gwyn Williams
        U. Gwyn Williams (*pro hac vice*)
        Samuel A. Townsend (*pro hac vice*)
        Avery E. Borreliz (*pro hac vice*)
        200 Clarendon Street
        Boston, Massachusetts 02116
        Telephone: 617.948.6000
        Facsimile: 617.948.6001
        gwyn.williams@lw.com
        samuel.townsend@lw.com
        avery.borreliz@lw.com

        *Attorneys for Defendant*
        *Lands' End, Inc.*

# Appendix A

| Plaintiffs' alleged evidence of specific causation | | | | | |
|---|---|---|---|---|---|
| | Purported Specific Causation Opinion From: | | | | Provided Deficient Treating Physician Disclosure[20] |
| Plaintiff | Dr. Freeman ("Probable") | Dr. Scheinman | Dr. Apple | Treating Physician Disclosure | |
| Joseph Abamonte | Yes | Yes | No | Yes | No |
| Julie Abate | Yes | No | No | Yes | Yes |
| Kimberly Abbey | Yes | No | No | Yes | Yes |
| Rachel Abukhdeir | Yes | Yes | Yes | No | -- |
| Alina Adams | No | No | No | No | -- |
| Kathy Adams | No | No | No | No | -- |
| Korey Adams | Yes | No | No | No | -- |
| Carol Adams-Conner | Yes | No | No | No | -- |
| Maria Esther Ailor | Yes | No | No | No | -- |
| Erica Alfaro | Yes | No | No | No | -- |
| Alexandria Allen | No | No | No | Yes | Yes |
| Cynthia Allen | No | No | No | No | -- |
| Sharon Allison | Yes | No | No | No | -- |
| Eeva Alminar | No | No | No | No | -- |
| Ashley Alvarado | No | No | No | No | -- |
| Barbara Alves | No | No | No | Yes | Yes |
| Kyoungmi An | No | No | No | No | -- |
| Jami Lyn Anderson | Yes | No | No | No | -- |
| Marcella Anderson | No | No | No | No | -- |
| Rika Anderson | Yes | No | No | Yes | No |
| Tarja Anderson | Yes | No | No | No | -- |

[20] A "yes" in this column indicates that at least one of Plaintiff's treating physician disclosures is challenged in Lands' End's Motion to Exclude Treating Physicians. *See* Dkt. No. 191. A "no" in this column indicates that Lands' End is not challenging that Plaintiff's treating physician disclosure(s) at this time. A "--" in this column indicates that Plaintiff did not provide a treating physician disclosure.

| | | | | | |
|---|---|---|---|---|---|
| Tracey Anderson | No | No | No | No | -- |
| Stephanie  Andrews | No | Yes | Yes | No | -- |
| Victoria Andrews-Winey | Yes | No | No | Yes | Yes |
| Patricia Anthony | No | No | No | No | -- |
| Annmarie Antonelli | No | No | No | Yes | No |
| Hilary Arana | Yes | No | No | No | -- |
| Rochelle Arch-Hayosteck | Yes | No | No | Yes | No |
| Corlis Armmer | Yes | No | No | Yes | Yes |
| Maia Arroyo-Roppo | Yes | No | No | No | -- |
| Nakisha Artis | Yes | No | No | No | -- |
| Stacey Atkins | Yes | No | No | No | -- |
| Bonnie Audsley | Yes | No | No | No | -- |
| Lyn Augustin | No | No | No | No | -- |
| Janelle  Austin | No | No | Yes | No | -- |
| Nina Aviles | No | No | No | No | -- |
| Lawrence Baird | Yes | No | No | No | -- |
| Jenni Baldoz | Yes | No | No | No | -- |
| Dana Banks | Yes | No | No | No | -- |
| Christina Barauskas | Yes | No | No | No | -- |
| Debra Baretta | Yes | Yes | No | Yes | Yes |
| Denise (Debra) Barnes | No | No | No | No | -- |
| Denise Barnes | Yes | No | No | No | -- |
| Lynda Barnett (Martin) | No | No | No | No | -- |
| Kimberly Barrera | Yes | No | No | Yes | Yes |
| Angela Barthelemy | No | No | No | Yes | Yes |
| Javier Bazanstone | No | No | No | No | -- |
| John Beckstrand | No | No | No | No | -- |
| Cori Behrends | Yes | Yes | Yes | Yes | No |
| Kelly Bell | Yes | No | No | No | -- |
| Linda Bell | No | No | No | No | -- |
| Maura Benatti | Yes | No | No | Yes | No |
| Cindy Berg | Yes | No | No | No | -- |
| Cynthia Berzel | No | No | No | Yes | Yes |
| Michael Besner | Yes | No | No | No | -- |
| Nicole Betson | Yes | No | No | No | -- |
| Jean Bever | No | No | No | No | -- |
| Kathlyn Bez | No | No | No | No | -- |
| Mona Bhardwaj | Yes | No | No | No | -- |
| Polly Biasucci | Yes | No | No | Yes | Yes |
| Sabrina Biggers | Yes | No | No | Yes | Yes |
| Sacha Bigler | No | No | No | Yes | No |

| | | | | | |
|---|---|---|---|---|---|
| Sharon Bishop | No | No | No | No | -- |
| Janet Black | Yes | No | No | No | -- |
| Julia Blake-Wilks | Yes | No | No | No | -- |
| James Blevins | No | No | No | No | -- |
| Frances Blitz | Yes | No | No | No | -- |
| Kathleen Bodene | Yes | No | No | Yes | No |
| Christy Bodznick | Yes | No | No | No | -- |
| Mary Boerma | No | No | No | No | -- |
| Amanda Bolduc | Yes | No | No | No | -- |
| Lorraine Bolla | Yes | No | No | No | -- |
| Marilyn Bowden | Yes | No | Yes | Yes | No |
| Karen Bowers | No | No | No | No | -- |
| Erika Bowman | Yes | No | No | Yes | Yes |
| Christine Brabeck | No | No | No | Yes | Yes |
| Jaclyn Bradley | Yes | No | No | No | -- |
| Madolyn Brand | Yes | No | No | Yes | Yes |
| Kathleen Breedlove | Yes | No | No | No | -- |
| Eileen Brennan | Yes | No | No | Yes | Yes |
| Cherie Brenner | Yes | No | No | Yes | No |
| Monica Brewer | No | No | No | No | -- |
| Kate Britt | No | No | No | Yes | No |
| Allison Brown | Yes | No | No | No | -- |
| Jennifer Bruce | Yes | No | No | No | -- |
| Joyce Bryant-Burrus | Yes | No | No | No | -- |
| Denise Bryson | No | No | No | No | -- |
| Jacqueline Bucci | Yes | No | No | Yes | No |
| Jenny Bundy | Yes | No | No | No | -- |
| Kayla Buono | No | No | No | Yes | Yes |
| Erin Burrey | Yes | No | No | No | -- |
| Faye Butler | No | No | No | No | -- |
| Cha Hui Cain | Yes | No | No | No | -- |
| Antonietta Caldarella | No | No | No | No | -- |
| Priscilla Calvao | Yes | No | No | No | -- |
| Amanda Calvert | Yes | No | No | Yes | Yes |
| Kathy Campbell | No | No | No | No | -- |
| Maryellen Caner | No | No | No | No | -- |
| Laurette Carns | Yes | No | No | Yes | Yes |
| Janet Carpentieri | No | No | No | No | -- |
| Deborah Carter | No | No | No | No | -- |
| Sherry Caudill | Yes | No | No | No | -- |
| Tiffany Challis | Yes | No | No | Yes | Yes |

| Name | | | | | |
|---|---|---|---|---|---|
| Denise Chavez | No | No | No | No | -- |
| Pauline Cheung | No | No | No | Yes | No |
| Joseph Chiaccio | No | No | No | No | -- |
| Deborah Christensen-Dahl | No | No | No | No | -- |
| Breonte Clark | No | No | No | No | -- |
| Janis Clary | Yes | No | No | No | -- |
| Erin Cleveland | Yes | No | No | No | -- |
| Ronda Cocherell | Yes | No | No | No | -- |
| Gigi Cochrane | Yes | No | No | No | -- |
| Emma Cole | Yes | No | No | Yes | No |
| Autumn Coleman | No | No | No | Yes | Yes |
| Andrea Coleman (Troutman) | No | No | No | Yes | No |
| Jacquelyn Collins | No | No | No | Yes | No |
| Katherine Comerford | No | No | No | No | -- |
| Donna Constant | Yes | No | No | Yes | No |
| Diane Conway | No | No | No | Yes | No |
| Kathleen Cooper | Yes | No | No | No | -- |
| Geralee Corona | No | No | No | No | -- |
| Denise Corsello | No | No | No | No | -- |
| Michael Cortis | No | No | No | No | -- |
| Kathleen Cotnoir | No | No | No | No | -- |
| Susan Couvillion | No | No | No | No | -- |
| Marsha Cowling | Yes | No | No | No | -- |
| Dredrick Cox | No | No | No | Yes | Yes |
| Bryce Craps | No | No | No | No | -- |
| Linda Creech | No | No | No | No | -- |
| Angela Crowell | Yes | No | No | No | -- |
| Carmen Cuchiara | Yes | No | No | No | -- |
| Travis Culberson | Yes | No | No | Yes | No |
| Elaine Davis | No | No | No | No | -- |
| Jo-Lynne Davis | Yes | No | No | No | -- |
| Sonja Davis | Yes | No | No | Yes | Yes |
| Toynal Davis | No | No | No | No | -- |
| Tia Dawkins-Hendricks | Yes | No | No | No | -- |
| Anne Dealy | No | No | No | No | -- |
| Tamara Deangelis | Yes | No | No | Yes | Yes |
| Monica DeCrescentis | No | No | Yes | No | -- |
| Alexandra Dela | Yes | No | No | Yes | No |
| Jennifer Delapenha | No | No | No | No | -- |
| Diane Del-Barrio | Yes | No | No | Yes | Yes |
| Veronica Demaggio | Yes | Yes | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Kay Dennis | Yes | No | No | Yes | Yes |
| Henry Devega | No | No | No | No | -- |
| Joann Deveny | Yes | No | No | Yes | No |
| Nancy Diamond | Yes | No | No | No | -- |
| Kayla Dibella | Yes | No | No | No | -- |
| Nagelah Dieu | No | No | No | No | -- |
| Linda Dinges | Yes | No | No | No | -- |
| Matthew Sean Dingle | Yes | No | No | No | -- |
| Joanna Dirienzo | Yes | No | No | No | -- |
| Michelle Disangro | No | No | No | No | -- |
| Karen Disantis | Yes | No | No | No | -- |
| Nina Dixon | Yes | No | No | Yes | No |
| Carra D'nan Dean | Yes | No | No | Yes | Yes |
| Samantha Doherty | No | No | No | Yes | Yes |
| Margaret Dolezal | No | No | No | No | -- |
| Nancy Dorman | No | No | No | No | -- |
| Michele Doss | Yes | No | No | No | -- |
| De Vere Dreger Von Dross | No | No | No | No | -- |
| Laura Drewe | Yes | No | No | No | -- |
| Louise Duhamel | No | No | No | No | -- |
| Molly Dunn | No | No | No | No | -- |
| Harriett Duranthon | No | Yes | No | No | -- |
| Cynthia Durushia | Yes | No | No | No | -- |
| Jan Dyssegard | Yes | No | No | No | -- |
| Johnny Edwards | Yes | No | No | No | -- |
| Margaret Edwards | Yes | No | No | No | -- |
| Brent Egland | No | No | No | No | -- |
| Cheryle Erick | No | No | No | No | -- |
| Jessica Espinosa | No | No | No | No | -- |
| Junko Etherton | Yes | No | No | No | -- |
| Deborah Farrell | Yes | No | No | No | -- |
| Lawrence Farrer | No | No | No | No | -- |
| Eva Farris | No | No | No | No | -- |
| Leslie Faulk | No | No | No | No | -- |
| Nicole Fazio | Yes | No | No | No | -- |
| Melissa Fiedler | Yes | No | No | No | -- |
| Jamie Fine | Yes | No | No | No | -- |
| Kimberly Fitch | No | No | No | No | -- |
| Alicia Fitzgerald | Yes | No | No | No | -- |
| Kathy Fletcher | Yes | No | No | No | -- |
| Kathryn Flynn | No | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Ashleigh Foote | Yes | No | No | No | -- |
| Charles Forthofer | Yes | No | No | No | -- |
| Judith Franzen | No | No | No | No | -- |
| Belissa Fuentes | No | No | No | No | -- |
| Myra Fuji | No | No | No | No | -- |
| Twila Fults | No | No | No | Yes | Yes |
| Deborah Gaddy | No | No | No | No | -- |
| Jada Gaither | Yes | No | No | No | -- |
| Denise Garcia | No | No | No | No | -- |
| Norma Garcia | No | No | No | No | -- |
| Prima Garcia | Yes | No | No | No | -- |
| Judy Garrett | No | No | No | No | -- |
| Bailey Garrison | No | No | No | No | -- |
| Karen Genova | Yes | No | No | No | -- |
| Michele Gentry | Yes | No | No | No | -- |
| Sarah Gerard | No | No | No | No | -- |
| Janet Germann | Yes | No | No | No | -- |
| Amy Gest | Yes | No | No | No | -- |
| Gwyneth  Gilbert | No | Yes | Yes | No | -- |
| Blair Glover | No | No | No | No | -- |
| Mari Godbolt | No | No | No | No | -- |
| John Gold | No | No | No | No | -- |
| Linda Goleski | No | No | No | No | -- |
| Maryjo Gondek | No | No | No | No | -- |
| Amber Gonzalez | Yes | No | No | No | -- |
| Trena Grady | No | No | No | No | -- |
| Jamie Grant | No | No | No | No | -- |
| Kathleen Gray | Yes | No | No | Yes | Yes |
| Shannon Gray | Yes | No | No | Yes | Yes |
| Jennifer Green | Yes | No | No | No | -- |
| Misha Greer | No | No | No | No | -- |
| Reiauh Gregory | No | No | No | Yes | Yes |
| Kelci Griffin | Yes | No | No | No | -- |
| Carmen Griffith | No | No | No | No | -- |
| Chandra Gronvold | Yes | No | No | No | -- |
| Nevine Groulx | Yes | No | No | No | -- |
| Gregory Guinn | No | No | No | Yes | Yes |
| Stephanie Guna | No | No | No | Yes | Yes |
| Debra Hadler | No | No | No | No | -- |
| Christa Haeffner | No | No | No | No | -- |
| Molly Hair | No | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Dorothy Hale | No | No | No | No | -- |
| Karen Hallagan | Yes | No | No | Yes | Yes |
| Linda Hall-Shipman | Yes | No | No | No | -- |
| Kristine Hammer | Yes | No | No | No | -- |
| Claudette Handke | No | No | No | No | -- |
| Victoria Hannigan | No | No | No | No | -- |
| Barbara Hansen | Yes | No | No | No | -- |
| Darla Hansen | No | No | No | No | -- |
| Regina Hansen | Yes | No | No | No | -- |
| Teresa Hansen | No | No | No | Yes | No |
| Samantha Harding | Yes | No | No | No | -- |
| Samra Harminder | No | No | No | No | -- |
| Kelli Harris | No | No | No | No | -- |
| Kelly Harris | No | No | No | No | -- |
| Lewis Hayden Bell | Yes | No | No | Yes | Yes |
| Spencer Hayes | Yes | No | No | No | -- |
| Pam Hayes | Yes | No | No | Yes | No |
| Cathie Hayward | No | No | No | Yes | No |
| Phyllis  Heffelfinger | No | No | Yes | No | -- |
| Kelli Heist | No | No | No | No | -- |
| Nelly Heist | Yes | No | No | No | -- |
| Cindy Held-Szlasda | Yes | No | No | No | -- |
| Shawn Henchal | Yes | No | No | No | -- |
| Bronwyn Henley | No | No | No | Yes | No |
| Laura Henning | No | No | No | No | -- |
| Tanisha Henry | Yes | No | No | No | -- |
| Susan Hensley | No | No | No | No | -- |
| William Herrera | No | No | No | No | -- |
| Laura Hershberger | Yes | No | No | No | -- |
| Tori Hobson | Yes | No | No | No | -- |
| Katharine Hodge | No | No | No | Yes | Yes |
| Cheri Hodges | No | No | No | Yes | Yes |
| Lisa Hogan | No | No | No | No | -- |
| Judy Hollingsworth | No | No | No | No | -- |
| Heather Hotvedt | Yes | No | No | Yes | Yes |
| Kari Housholder | No | No | No | No | -- |
| Lindsey Howard | No | No | No | Yes | No |
| Jeannie Howell | No | No | No | No | -- |
| Tzu Ming Hu | No | No | No | Yes | Yes |
| Julie Huismann | Yes | No | No | Yes | Yes |
| Stephanie Hunt | No | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Kendra Hutson | Yes | No | No | No | -- |
| Angela Hyman | Yes | No | No | No | -- |
| Ursula Isidore | Yes | No | No | No | -- |
| Kenneth Jackson | No | No | No | Yes | No |
| Laura Jackson | No | No | No | No | -- |
| Paula Jackson | No | No | No | Yes | No |
| Kaitlyn Jagielo | Yes | No | No | No | -- |
| Karen Jay | Yes | No | No | No | -- |
| Kari Johnke-Henzler | Yes | No | No | No | -- |
| Shannon Johnsen | No | No | No | No | -- |
| Beth Ann Johnson | Yes | No | No | Yes | Yes |
| Benita Johnson | Yes | No | No | Yes | Yes |
| De Jur Veronique Jones | No | No | No | No | -- |
| Tamika Jones | Yes | No | No | No | -- |
| Tonise Jones | Yes | No | No | No | -- |
| Christopher Joyce | No | No | No | No | -- |
| Kenneth Kaminski | No | No | No | No | -- |
| Jackie Kane | Yes | No | No | Yes | Yes |
| Kasondra Karr | Yes | No | No | Yes | No |
| Amanda Karrick | Yes | No | No | No | -- |
| Ruta Kaupiko | Yes | No | No | No | -- |
| Marie Kearse | Yes | No | No | No | -- |
| Erika Keaton | Yes | No | No | No | -- |
| Sondra Kelly | Yes | No | No | No | -- |
| Dianne Kemmer | Yes | No | No | No | -- |
| Brenda Kern | No | No | No | Yes | Yes |
| Heidi Kessler-Carrington | Yes | No | No | No | -- |
| Cindy Kha | No | No | No | Yes | Yes |
| Terri Kidd | Yes | No | No | No | -- |
| Jennifer Kim | Yes | No | No | Yes | No |
| Judie Kirkland | No | No | No | No | -- |
| George Kirsenlor | Yes | No | No | No | -- |
| Leah Kitts | No | No | No | No | -- |
| Kathryn Klinke-Sherrill | Yes | No | No | No | -- |
| Alan Knapp | No | No | No | No | -- |
| Wendy Koopmeiners | Yes | No | No | Yes | No |
| Stephen Kostora | Yes | No | No | No | -- |
| Kate Kovary | Yes | No | No | No | -- |
| Kristen Kowalczyk | No | No | No | No | -- |
| Ellen Kramer | Yes | No | No | Yes | Yes |
| Suprena Kretchman | No | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Jill Kruppa | Yes | No | No | Yes | Yes |
| Kerry Kruse | Yes | No | No | No | -- |
| Tsipora Kuba | No | No | No | No | -- |
| Corinne Kubal | No | No | No | No | -- |
| Deborah Kuhn | No | No | No | No | -- |
| Renee Labbe | Yes | No | No | Yes | No |
| Joan Labow | Yes | No | No | Yes | No |
| Milissa Lachaussee | Yes | No | No | Yes | No |
| Laura Lackten | No | No | No | No | -- |
| Vernon Lacorte | No | No | No | No | -- |
| Lisa Lamkins | No | No | No | No | -- |
| Marguerite Larsen | Yes | No | No | Yes | Yes |
| Lisa Larson | Yes | No | No | No | -- |
| Maria Laygo | No | No | No | No | -- |
| Sylvia Lazard | No | No | No | No | -- |
| Jonathan Lazenby | Yes | No | No | Yes | Yes |
| Adena Leal | Yes | No | No | No | -- |
| Karen Lehman | Yes | No | No | No | -- |
| Eva Lelvis | Yes | No | No | No | -- |
| Sheila Lemmens | Yes | No | No | No | -- |
| Elizabeth Leonardo | No | No | Yes | Yes | Yes |
| Beth Lepor-Friberg | No | No | No | No | -- |
| Pamela Leslie | No | No | No | No | -- |
| Gena LeSueur Poulos | Yes | No | Yes | No | -- |
| Ann Marie Liberatore | No | No | No | No | -- |
| Geraldine Lindseth | No | No | No | No | -- |
| Carissa Lizotte | Yes | No | No | Yes | Yes |
| Toni Lockhart | No | No | No | Yes | Yes |
| Kimberly Locksley | No | No | No | No | -- |
| Tonya Lovelace | Yes | No | No | No | -- |
| Dana Love-Linn | Yes | No | No | Yes | No |
| Christy Lunde | Yes | No | No | Yes | No |
| Diane Lundstrom | No | No | No | No | -- |
| Kristen Maddick | Yes | No | No | No | -- |
| Jose Maldonado | No | No | No | No | -- |
| Rhea Manalo | Yes | No | No | No | -- |
| Janine Marchildon | Yes | No | No | Yes | Yes |
| Deborah Marsh | Yes | No | No | No | -- |
| Michael Marte | No | Yes | Yes | No | -- |
| Sarah Martin | Yes | No | No | No | -- |
| Gislaine Martin Botha | Yes | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Nadim Martiny | No | No | No | Yes | No |
| Deb Marty | No | No | No | No | -- |
| Eman Marzouq | No | No | No | No | -- |
| Elizabeth Marzullo | Yes | No | No | Yes | Yes |
| Hasan Mason | No | No | No | No | -- |
| Michael Mathews | No | No | No | No | -- |
| Sarah Mathieu | No | No | No | No | -- |
| Demitrios Mavrogiorgos-Spencer | No | No | No | Yes | Yes |
| Jamere Maxwell | Yes | No | No | No | -- |
| Tangee McBride | Yes | No | No | No | -- |
| Lorna McCalla | No | No | No | No | -- |
| Michelle McCarron | No | No | No | No | -- |
| Catherine McDonald | Yes | No | No | No | -- |
| Margaret McDonald | No | No | No | No | -- |
| Dawn McDonnell | No | No | No | Yes | Yes |
| Shaylyn Mcentire | Yes | No | No | No | -- |
| Victoria McGarrity | Yes | No | No | Yes | Yes |
| Kaitlyn Mcintosh | No | No | No | No | -- |
| Sharon Mcintosh | Yes | No | No | No | -- |
| Cheryl McKay | No | No | No | No | -- |
| Elizabeth McKenzie | No | No | No | No | -- |
| Victoria McLaughlin | Yes | No | No | No | -- |
| Stacey McNeil | No | No | No | Yes | No |
| Deborah McNulty | No | No | No | No | -- |
| George Mctigue | No | No | No | No | -- |
| Carmen Meader | No | No | No | No | -- |
| Mae Naomi Menda | Yes | No | No | No | -- |
| Wallie Maria Meyer | No | No | Yes | No | -- |
| Lisa Miller | Yes | No | No | Yes | Yes |
| Lynn Miller | No | No | No | No | -- |
| Margaret Miller | Yes | No | No | No | -- |
| Joan Tormey Milton | No | No | No | No | -- |
| Nicole Misurelli | No | No | No | No | -- |
| Jessica Mizrahi | Yes | No | No | No | -- |
| Richard Mogan | No | No | No | No | -- |
| Leyda Molina | No | No | No | No | -- |
| Gary Monroe | Yes | No | No | No | -- |
| Diane Montgomery-Brock | No | No | No | No | -- |
| Bromley Moore | No | No | No | No | -- |
| Sharon Moore | Yes | No | No | Yes | Yes |
| Daisy Morgan | No | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Vonda Morgan (Thomas) | No | No | No | Yes | Yes |
| Melissa Morrill-Furman | Yes | No | No | No | -- |
| Venetia Morris | Yes | No | No | No | -- |
| Michelle Morrison | Yes | No | No | Yes | No |
| Patrick Morse | Yes | No | No | Yes | Yes |
| Melinda Motor | No | No | No | No | -- |
| Ann Mueller | Yes | No | No | No | -- |
| Wesam Mughrabi | Yes | No | No | Yes | No |
| Adilah Muhammad | No | No | No | No | -- |
| Rebecca Mulligan | No | No | No | No | -- |
| Rosemary Munzenmayer | No | No | No | No | -- |
| Bonnie Muro | No | No | No | No | -- |
| Janet Murphree | No | No | No | No | -- |
| Deborah Murphy | No | No | Yes | Yes | Yes |
| Wanda Murray | No | No | No | No | -- |
| Ayten Nadeau | Yes | No | No | Yes | No |
| Yumiko Nakagami | No | No | No | No | -- |
| Kimloan Nardo | No | No | No | No | -- |
| Kathryn Nasman | No | No | No | Yes | Yes |
| Britteny Neal | No | No | No | Yes | No |
| Jenee Neeb | No | No | No | Yes | No |
| Cheryl Nelson | No | No | No | Yes | Yes |
| Janet Nelson | No | No | No | No | -- |
| Kathleen Nelson | No | No | No | Yes | Yes |
| Susan Newland | Yes | No | No | Yes | Yes |
| Deanne Nichelson | No | No | No | No | -- |
| Charlene Noah | No | No | No | No | -- |
| Beth Nordyke | Yes | No | No | No | -- |
| Michele Noren | Yes | Yes | No | No | -- |
| Yvette Nugent | Yes | No | No | Yes | No |
| Hannah Odafe | No | No | No | No | -- |
| Siobhan O'Donnell | Yes | No | No | No | -- |
| Muhammed Okedeyi | No | No | No | No | -- |
| Kristina Olson-Woodhurst | Yes | No | No | No | -- |
| Kody Ondriezek | No | No | No | Yes | No |
| Benda O'Neale | Yes | No | No | Yes | No |
| Evelyn Orgeron | Yes | No | No | No | -- |
| Penny Owens | Yes | Yes | Yes | No | -- |
| Cintia Pace | No | No | No | Yes | Yes |
| Mary Padau | No | No | No | No | -- |
| Gina Page-Nelson | No | No | No | Yes | Yes |

| | | | | | |
|---|---|---|---|---|---|
| Kayla Parnell | No | No | No | No | -- |
| Jacqueline Parsons | Yes | No | No | Yes | Yes |
| Stanley Partyka | No | No | No | Yes | Yes |
| Angela Patterson | No | No | No | No | -- |
| Kimberly Pedretti | Yes | No | No | No | -- |
| Jeanette Pedroni | No | No | No | No | -- |
| Konstanze Pelargus | Yes | No | No | No | -- |
| Susan Pence | No | No | No | Yes | Yes |
| Francisca Perez | No | No | No | Yes | Yes |
| Karina Perez | No | No | No | No | -- |
| Virgina Perez | No | No | No | No | -- |
| Joanne Pergola | Yes | No | No | Yes | Yes |
| Jodi Pergola | Yes | No | No | Yes | No |
| Chelsea Perry | Yes | No | Yes | No | -- |
| Brian Perry | Yes | No | No | No | -- |
| Laurie Peterson | No | No | No | No | -- |
| Tina Peterson-Fong | No | No | No | No | -- |
| Nancy Petrone | No | No | No | No | -- |
| Lindsay Phelps | Yes | No | No | Yes | Yes |
| Chase Phillips | Yes | No | No | No | -- |
| Yanick Picault-Cadet | No | No | No | No | -- |
| Gina Pickett | No | No | No | No | -- |
| Jennifer Pierce | Yes | No | No | Yes | No |
| Anita Pierce (Malloy) | Yes | No | No | No | -- |
| Beatrice Pinon | No | No | No | No | -- |
| Tina Pipkin | No | No | No | No | -- |
| Mario Porterfield | No | No | No | No | -- |
| Andrea Power | No | No | No | Yes | Yes |
| Shana Provost | No | No | No | No | -- |
| Jacqueline Quigley | No | No | No | No | -- |
| Rachelle Quinn (Treleven) | No | No | No | Yes | No |
| Antoinette Qvistorff | No | No | No | No | -- |
| Laquail Ramos | No | No | No | No | -- |
| Julia  Raymond-Green | No | No | No | Yes | Yes |
| Debbie Reed | Yes | No | No | No | -- |
| Mary Reed | No | No | No | No | -- |
| Lois Reinke | No | No | No | No | -- |
| Margaret Remus | Yes | No | No | Yes | No |
| Donna Rezutko | Yes | No | No | No | -- |
| Stephanie Rhynes | No | No | No | No | -- |
| Christina Rice | Yes | No | No | No | -- |

| Kimberly Richa | No | No | No | No | -- |
|---|---|---|---|---|---|
| Leicha Richardson | No | No | No | No | -- |
| Ashley Roberts | Yes | No | No | Yes | No |
| Deborah Roeber | Yes | No | No | Yes | Yes |
| Kristin Rohlf | No | No | No | Yes | No |
| Margareta Rohlik | No | No | No | No | -- |
| Keri Rojas | No | No | No | Yes | Yes |
| Shamil Rojas | No | No | No | No | -- |
| Peter Rooney | Yes | No | No | No | -- |
| Rebecca Rostkowski | Yes | No | No | No | -- |
| Tammy Rustad | Yes | No | No | Yes | Yes |
| Becky Sallander | No | No | No | Yes | Yes |
| Danielle Sanders | No | No | No | No | -- |
| Brenda Sanderson Cook | Yes | No | Yes | No | -- |
| Monica Santamaria | No | No | No | No | -- |
| Lisa Satterfield | No | No | No | No | -- |
| Nagisa Saudargas | No | No | No | Yes | Yes |
| Beatrice Saunders | No | No | No | Yes | Yes |
| Meghan Schaefer | No | No | No | No | -- |
| Philip Schiefer | No | No | No | No | -- |
| Katie Schilling | Yes | No | No | Yes | No |
| Kristine Schmidt | No | No | No | No | -- |
| Sonya Schuschel | Yes | No | No | No | -- |
| Brandis Scoggins | No | No | No | No | -- |
| Cynthia Sedustine | No | No | Yes | Yes | Yes |
| Aimee Seehausen | No | No | No | No | -- |
| Lisa Seibert | No | No | No | No | -- |
| Elizabeth Seymour | Yes | No | No | No | -- |
| Lisa Shackelford | Yes | No | No | No | -- |
| Kristen Shaker | No | No | No | No | -- |
| Rachel Shanklin | Yes | No | No | No | -- |
| Rebecca Sheldon | No | No | No | Yes | No |
| Tiffany Shelton | Yes | No | No | Yes | Yes |
| Alethea Sheppard | No | No | No | No | -- |
| Michelle Sherack | No | No | No | No | -- |
| Dellane Shippee | Yes | No | No | No | -- |
| Brenda Shorkey | Yes | No | No | No | -- |
| Melynda Sinsley | No | No | No | Yes | No |
| Amber Smith | No | No | No | No | -- |
| Angela Smith | No | No | No | Yes | Yes |
| Salinah Smith | No | No | Yes | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Dana Smith | No | No | Yes | No | -- |
| Emily Snellgrove | No | No | No | Yes | No |
| Franchesca Soto | Yes | No | No | Yes | Yes |
| Karen Spease | No | No | No | No | -- |
| Carolyn Spiller | No | No | No | No | -- |
| Angie Spradling | No | No | No | No | -- |
| Staci Spurlock | No | No | No | No | -- |
| Rachael Stalnaker | Yes | No | No | No | -- |
| Debra Stanley-Stewart | No | No | No | No | -- |
| D'Ericka Stevenson | No | No | No | No | -- |
| Suzanne Stewart | No | No | No | No | -- |
| Colette Stickley | No | No | No | No | -- |
| Karen Stokes | No | No | No | No | -- |
| Nikki Stone | No | No | No | No | -- |
| Ayfer Street | No | No | No | Yes | No |
| Jill Strieter | No | No | No | Yes | Yes |
| Lisa Suemnicht-Laack | Yes | No | No | No | -- |
| Patricia Sutherland | No | No | No | No | -- |
| Rebecca Sydeski | No | No | No | No | -- |
| Colleen Sylves | No | No | No | No | -- |
| Lynn Sypniewski | Yes | No | No | No | -- |
| Randa Talley | No | No | No | No | -- |
| Rebeccah Tangen | Yes | No | No | Yes | No |
| Arza Tannous | Yes | No | No | No | -- |
| Delik (Dilek) Tas | No | No | No | No | -- |
| Susan Tate | No | No | No | No | -- |
| Tisha Taylor | No | No | No | Yes | No |
| Tracy Elizabeth Taylor | Yes | No | No | Yes | No |
| Laurie Tesch | No | No | No | No | -- |
| Holly Thompson | No | No | No | No | -- |
| Jason Thompson | No | No | No | No | -- |
| Susan Thompson | No | No | No | No | -- |
| Troy Thorup | Yes | No | No | No | -- |
| Juliet Thurab | No | No | No | Yes | No |
| Kimberly Tobin | No | No | No | No | -- |
| Chase Todd | No | No | No | Yes | Yes |
| Kristin Tompkins | No | No | No | Yes | Yes |
| Linda Tomson | No | No | No | No | -- |
| Henrique Torres | Yes | No | No | No | -- |
| Diana True | Yes | Yes | Yes | Yes | No |
| Andrea Trzaska | Yes | No | No | Yes | No |

| | | | | | |
|---|---|---|---|---|---|
| Kathleen Tschishow | No | No | No | Yes | Yes |
| Tina Tucker | Yes | No | No | Yes | Yes |
| Hope  Tucker | No | No | No | No | -- |
| Lisa Uddin-Barneswright | No | No | No | No | -- |
| Kathryn Ude | Yes | Yes | Yes | Yes | Yes |
| Julianne Lynn Umali | Yes | No | No | No | -- |
| Teri Unsworth | No | No | No | No | -- |
| Tirana Vaknin | Yes | No | No | Yes | Yes |
| Lynda  Valdez | No | Yes | Yes | No | -- |
| Rosemay Vanderbrink | No | No | No | Yes | No |
| Caroline Vangrieken | No | No | No | Yes | Yes |
| John Vanrisseghem | Yes | No | No | No | -- |
| Malin Vejfors | Yes | No | No | Yes | Yes |
| Allyson Victory | Yes | No | No | No | -- |
| Marina Voris | No | No | No | No | -- |
| Kerri Vrey | No | No | No | Yes | No |
| Graeme Wagner | Yes | No | No | No | -- |
| Janice Waitt | Yes | No | No | Yes | Yes |
| Carol Walker | No | No | No | No | -- |
| Lisa Walker | Yes | No | No | Yes | Yes |
| Wende Walker | No | No | No | Yes | Yes |
| Lauri Walters | No | No | No | No | -- |
| Michelle Warner | No | Yes | Yes | No | -- |
| Vernell Washington | Yes | No | No | No | -- |
| Troye Washington-Clanton | No | No | Yes | Yes | No |
| Kate Weida | Yes | No | No | No | -- |
| Leah Weimer | Yes | No | No | No | -- |
| Robin Whaley | Yes | No | No | Yes | Yes |
| Diane White | No | No | No | No | -- |
| Melanie Wigdahl | No | No | No | Yes | No |
| Vanessa Wilbert | Yes | No | No | Yes | No |
| Randi Willett | Yes | No | No | No | -- |
| Lisa Willette | Yes | No | No | Yes | Yes |
| Adreean Williams | No | No | No | Yes | No |
| Kathy Williams | No | No | No | Yes | No |
| Dena Wilson | No | No | No | No | -- |
| Johanna Winkler | No | No | No | No | -- |
| Terri Winslow | No | No | No | No | -- |
| Cindy Wood | No | No | No | No | -- |
| Lisa Woodcock | No | No | No | No | -- |
| Leah Wotipka | No | No | No | No | -- |

| | | | | | |
|---|---|---|---|---|---|
| Linda Wright | Yes | No | No | Yes | Yes |
| Amy Yon | No | No | No | Yes | Yes |
| Kathy Duncan Young | No | No | No | No | -- |
| Bonnie Younker | Yes | No | No | No | -- |
| Anna Zaluzhny | Yes | No | No | No | -- |
| Julie Zieman | Yes | No | No | No | -- |
| Patricia Zopfi | No | No | No | No | -- |
| Christina Zrizri | No | No | No | No | -- |

# **Appendix B**

Plaintiffs who did not make Rule 26(a)(2)(C) disclosures of treating physicians:

| | | | | | |
|---|---|---|---|---|---|
| 1. | Rachel Abukhdeir | 43. | Mona Bhardwaj | 85. | Kathleen Cotnoir |
| 2. | Alina Adams | 44. | Sharon Bishop | 86. | Susan Couvillion |
| 3. | Kathy Adams | 45. | Janet Black | 87. | Marsha Cowling |
| 4. | Korey Adams | 46. | Julia Blake-Wilks | 88. | Bryce Craps |
| 5. | Carol Adams-Conner | 47. | James Blevins | 89. | Linda Creech |
| 6. | Maria Esther Ailor | 48. | Frances Blitz | 90. | Angela Crowell |
| 7. | Erica Alfaro | 49. | Christy Bodznick | 91. | Carmen Cuchiara |
| 8. | Cynthia Allen | 50. | Mary Boerma | 92. | Elaine Davis |
| 9. | Sharon Allison | 51. | Amanda Bolduc | 93. | Jo-Lynne Davis |
| 10. | Eeva Alminar | 52. | Lorraine Bolla | 94. | Toynal Davis |
| 11. | Ashley Alvarado | 53. | Karen Bowers | 95. | Tia Dawkins-Hendricks |
| 12. | Kyoungmi An | 54. | Jaclyn Bradley | 96. | Anne Dealy |
| 13. | Jami Lyn Anderson | 55. | Kathleen Breedlove | 97. | Monica DeCrescentis |
| 14. | Marcella Anderson | 56. | Monica Brewer | 98. | Jennifer Delapenha |
| 15. | Tarja Anderson | 57. | Allison Brown | 99. | Veronica Demaggio |
| 16. | Tracey Anderson | 58. | Jennifer Bruce | 100. | Henry Devega |
| 17. | Stephanie Andrews | 59. | Joyce Bryant-Burrus | 101. | Nancy Diamond |
| 18. | Patricia Anthony | 60. | Denise Bryson | 102. | Kayla Dibella |
| 19. | Hilary Arana | 61. | Jenny Bundy | 103. | Nagelah Dieu |
| 20. | Maia Arroyo-Roppo | 62. | Erin Burrey | 104. | Linda Dinges |
| 21. | Nakisha Artis | 63. | Faye Butler | 105. | Matthew Sean Dingle |
| 22. | Stacey Atkins | 64. | Cha Hui Cain | 106. | Joanna Dirienzo |
| 23. | Bonnie Audsley | 65. | Antonietta Caldarella | 107. | Michelle Disangro |
| 24. | Lyn Augustin | 66. | Priscilla Calvao | 108. | Karen Disantis |
| 25. | Janelle Austin | 67. | Kathy Campbell | 109. | Margaret Dolezal |
| 26. | Nina Aviles | 68. | Maryellen Caner | 110. | Nancy Dorman |
| 27. | Lawrence Baird | 69. | Janet Carpentieri | 111. | Michele Doss |
| 28. | Jenni Baldoz | 70. | Deborah Carter | 112. | De Vere Dreger Von Dross |
| 29. | Dana Banks | 71. | Sherry Caudill | 113. | Laura Drewe |
| 30. | Christina Barauskas | 72. | Denise Chavez | 114. | Louise Duhamel |
| 31. | Denise (Debra) Barnes | 73. | Joseph Chiaccio | 115. | Molly Dunn |
| 32. | Denise Barnes | 74. | Deborah Christensen-Dahl | 116. | Harriett Duranthon |
| 33. | Lynda Barnett (Martin) | 75. | Breonte Clark | 117. | Cynthia Durushia |
| 34. | Javier Bazanstone | 76. | Janis Clary | 118. | Jan Dyssegard |
| 35. | John Beckstrand | 77. | Erin Cleveland | 119. | Johnny Edwards |
| 36. | Kelly Bell | 78. | Ronda Cocherell | 120. | Margaret Edwards |
| 37. | Linda Bell | 79. | Gigi Cochrane | 121. | Brent Egland |
| 38. | Cindy Berg | 80. | Katherine Comerford | 122. | Cheryle Erick |
| 39. | Michael Besner | 81. | Kathleen Cooper | 123. | Jessica Espinosa |
| 40. | Nicole Betson | 82. | Geralee Corona | 124. | Junko Etherton |
| 41. | Jean Bever | 83. | Denise Corsello | 125. | Deborah Farrell |
| 42. | Kathlyn Bez | 84. | Michael Cortis | 126. | Lawrence Farrer |

| | | |
|---|---|---|
| 127. Eva Farris | 173. Kristine Hammer | 219. Heidi Kessler-Carrington |
| 128. Leslie Faulk | 174. Claudette Handke | 220. Terri Kidd |
| 129. Nicole Fazio | 175. Victoria Hannigan | 221. Judie Kirkland |
| 130. Melissa Fiedler | 176. Barbara Hansen | 222. George Kirsenlor |
| 131. Jamie Fine | 177. Darla Hansen | 223. Leah Kitts |
| 132. Kimberly Fitch | 178. Regina Hansen | 224. Kathryn Klinke-Sherrill |
| 133. Alicia Fitzgerald | 179. Samantha Harding | 225. Alan Knapp |
| 134. Kathy Fletcher | 180. Samra Harminder | 226. Stephen Kostora |
| 135. Kathryn Flynn | 181. Kelli Harris | 227. Kate Kovary |
| 136. Ashleigh Foote | 182. Kelly Harris | 228. Kristen Kowalczyk |
| 137. Charles Forthofer | 183. Spencer Hayes | 229. Suprena Kretchman |
| 138. Judith Franzen | 184. Phyllis Heffelfinger | 230. Kerry Kruse |
| 139. Belissa Fuentes | 185. Kelli Heist | 231. Tsipora Kuba |
| 140. Myra Fuji | 186. Nelly Heist | 232. Corinne Kubal |
| 141. Deborah Gaddy | 187. Cindy Held-Szlasda | 233. Deborah Kuhn |
| 142. Jada Gaither | 188. Shawn Henchal | 234. Laura Lackten |
| 143. Denise Garcia | 189. Laura Henning | 235. Vernon Lacorte |
| 144. Norma Garcia | 190. Tanisha Henry | 236. Lisa Lamkins |
| 145. Prima Garcia | 191. Susan Hensley | 237. Lisa Larson |
| 146. Judy Garrett | 192. William Herrera | 238. Maria Laygo |
| 147. Bailey Garrison | 193. Laura Hershberger | 239. Sylvia Lazard |
| 148. Karen Genova | 194. Tori Hobson | 240. Adena Leal |
| 149. Michele Gentry | 195. Lisa Hogan | 241. Karen Lehman |
| 150. Sarah Gerard | 196. Judy Hollingsworth | 242. Eva Lelvis |
| 151. Janet Germain | 197. Kari Housholder | 243. Sheila Lemmens |
| 152. Amy Gest | 198. Jeannie Howell | 244. Beth Lepor-Friberg |
| 153. Gwyneth Gilbert | 199. Stephanie Hunt | 245. Pamela Leslie |
| 154. Blair Glover | 200. Kendra Hutson | 246. Gena LeSueur Poulos |
| 155. Mari Godbolt | 201. Angela Hyman | 247. Ann Marie Liberatore |
| 156. John Gold | 202. Ursula Isidore | 248. Geraldine Lindseth |
| 157. Linda Goleski | 203. Laura Jackson | 249. Kimberly Locksley |
| 158. Maryjo Gondek | 204. Kaitlyn Jagielo | 250. Tonya Lovelace |
| 159. Amber Gonzalez | 205. Karen Jay | 251. Diane Lundstrom |
| 160. Trena Grady | 206. Kari Johnke-Henzler | 252. Kristen Maddick |
| 161. Jamie Grant | 207. Shannon Johnsen | 253. Jose Maldonado |
| 162. Jennifer Green | 208. De Jur Veronique Jones | 254. Rhea Manalo |
| 163. Misha Greer | 209. Tamika Jones | 255. Deborah Marsh |
| 164. Kelci Griffin | 210. Tonise Jones | 256. Michael Marte |
| 165. Carmen Griffith | 211. Christopher Joyce | 257. Sarah Martin |
| 166. Chandra Gronvold | 212. Kenneth Kaminski | 258. Gislaine Martin Botha |
| 167. Nevine Groulx | 213. Amanda Karrick | 259. Deb Marty |
| 168. Debra Hadler | 214. Ruta Kaupiko | 260. Eman Marzouq |
| 169. Christa Haeffner | 215. Marie Kearse | 261. Hasan Mason |
| 170. Molly Hair | 216. Erika Keaton | 262. Michael Mathews |
| 171. Dorothy Hale | 217. Sondra Kelly | 263. Sarah Mathieu |
| 172. Linda Hall-Shipman | 218. Dianne Kemmer | 264. Jamere Maxwell |

| | | |
|---|---|---|
| 265. Tangee McBride | 311. Muhammed Okedeyi | 357. Kristine Schmidt |
| 266. Lorna McCalla | 312. Kristina Olson-Woodhurst | 358. Sonya Schuschel |
| 267. Michelle McCarron | 313. Evelyn Orgeron | 359. Brandis Scoggins |
| 268. Catherine McDonald | 314. Penny Owens | 360. Aimee Seehausen |
| 269. Margaret McDonald | 315. Mary Padau | 361. Lisa Seibert |
| 270. Shaylyn Mcentire | 316. Kayla Parnell | 362. Elizabeth Seymour |
| 271. Kaitlyn Mcintosh | 317. Angela Patterson | 363. Lisa Shackelford |
| 272. Sharon Mcintosh | 318. Kimberly Pedretti | 364. Kristen Shaker |
| 273. Cheryl McKay | 319. Jeanette Pedroni | 365. Rachel Shanklin |
| 274. Elizabeth McKenzie | 320. Konstanze Pelargus | 366. Alethea Sheppard |
| 275. Victoria McLaughlin | 321. Karina Perez | 367. Michelle Sherack |
| 276. Deborah McNulty | 322. Virgina Perez | 368. Dellane Shippee |
| 277. George Mctigue | 323. Chelsea Perry | 369. Brenda Shorkey |
| 278. Carmen Meader | 324. Brian Perry | 370. Amber Smith |
| 279. Mae Naomi Menda | 325. Laurie Peterson | 371. Salinah Smith |
| 280. Wallie Maria Meyer | 326. Tina Peterson-Fong | 372. Dana Smith |
| 281. Lynn Miller | 327. Nancy Petrone | 373. Karen Spease |
| 282. Margaret Miller | 328. Chase Phillips | 374. Carolyn Spiller |
| 283. Joan Tormey Milton | 329. Yanick Picault-Cadet | 375. Angie Spradling |
| 284. Nicole Misurelli | 330. Gina Pickett | 376. Staci Spurlock |
| 285. Jessica Mizrahi | 331. Anita Pierce (Malloy) | 377. Rachael Stalnaker |
| 286. Richard Mogan | 332. Beatrice Pinon | 378. Debra Stanley-Stewart |
| 287. Leyda Molina | 333. Tina Pipkin | 379. D'Ericka Stevenson |
| 288. Gary Monroe | 334. Mario Porterfield | 380. Suzanne Stewart |
| 289. Diane Montgomery-Brock | 335. Shana Provost | 381. Colette Stickley |
| 290. Bromley Moore | 336. Jacqueline Quigley | 382. Karen Stokes |
| 291. Daisy Morgan | 337. Antoinette Qvistorff | 383. Nikki Stone |
| 292. Melissa Morrill-Furman | 338. Laquail Ramos | 384. Lisa Suemnicht-Laack |
| 293. Venetia Morris | 339. Debbie Reed | 385. Patricia Sutherland |
| 294. Melinda Motor | 340. Mary Reed | 386. Rebecca Sydeski |
| 295. Ann Mueller | 341. Lois Reinke | 387. Colleen Sylves |
| 296. Adilah Muhammad | 342. Donna Rezutko | 388. Lynn Sypniewski |
| 297. Rebecca Mulligan | 343. Stephanie Rhynes | 389. Randa Talley |
| 298. Rosemary Munzenmayer | 344. Christina Rice | 390. Arza Tannous |
| 299. Bonnie Muro | 345. Kimberly Richa | 391. Delik (Dilek) Tas |
| 300. Janet Murphree | 346. Leicha Richardson | 392. Susan Tate |
| 301. Wanda Murray | 347. Margareta Rohlik | 393. Laurie Tesch |
| 302. Yumiko Nakagami | 348. Shamil Rojas | 394. Holly Thompson |
| 303. Kimloan Nardo | 349. Peter Rooney | 395. Jason Thompson |
| 304. Janet Nelson | 350. Rebecca Rostkowski | 396. Susan Thompson |
| 305. Deanne Nichelson | 351. Danielle Sanders | 397. Troy Thorup |
| 306. Charlene Noah | 352. Brenda Sanderson Cook | 398. Kimberly Tobin |
| 307. Beth Nordyke | 353. Monica Santamaria | 399. Linda Tomson |
| 308. Michele Noren | 354. Lisa Satterfield | 400. Henrique Torres |
| 309. Hannah Odafe | 355. Meghan Schaefer | 401. Hope Tucker |
| 310. Siobhan O'Donnell | 356. Philip Schiefer | 402. Lisa Uddin-Barneswright |

| | | | | | |
|---|---|---|---|---|---|
| 403. | Julianne Lynn Umali | 412. | Michelle Warner | 421. | Cindy Wood |
| 404. | Teri Unsworth | 413. | Vernell Washington | 422. | Lisa Woodcock |
| 405. | Lynda Valdez | 414. | Kate Weida | 423. | Leah Wotipka |
| 406. | John Vanrisseghem | 415. | Leah Weimer | 424. | Kathy Duncan Young |
| 407. | Allyson Victory | 416. | Diane White | 425. | Bonnie Younker |
| 408. | Marina Voris | 417. | Randi Willett | 426. | Anna Zaluzhny |
| 409. | Graeme Wagner | 418. | Dena Wilson | 427. | Julie Zieman |
| 410. | Carol Walker | 419. | Johanna Winkler | 428. | Patricia Zopfi |
| 411. | Lauri Walters | 420. | Terri Winslow | 429. | Christina Zrizri |

# **Appendix C**

Plaintiffs for whom all disclosed treating physicians are subject to Lands' End's Motion to Exclude.

1. Julie Abate
2. Kimberly Abbey
3. Alexandria Allen
4. Barbara Alves
5. Corlis Armmer
6. Debra Baretta
7. Kimberly Barrera
8. Angela Barthelemy
9. Sabrina Biggers
10. Erika Bowman
11. Christine Brabeck
12. Madolyn Brand
13. Eileen Brennan
14. Kayla Buono
15. Amanda Calvert
16. Laurette Carns
17. Tiffany Challis
18. Autumn Coleman
19. Dredrick Cox
20. Sonja Davis
21. Diane Del-Barrio
22. Kay Dennis
23. Carra D'nan Dean
24. Samantha Doherty
25. Twila Fultz
26. Shannon Gray
27. Reiauh Gregory
28. Gregory Guinn
29. Stephanie Guna
30. Karen Hallagan
31. Cheri Hodges
32. Tzu Ming Hu
33. Julie Huismann
34. Beth Ann Johnson
35. Benita Johnson
36. Jackie Kane
37. Brenda Kern
38. Cindy Kha
39. Jill Kruppa
40. Elizabeth Leonardo
41. Carissa Lizotte
42. Toni Lockhart
43. Elizabeth Marzullo
44. Demitrios Mavrogiorgos-Spencer
45. Dawn McDonnell
46. Victoria McGarrity
47. Lisa Miller
48. Sharon Moore
49. Vonda Morgan (Thomas)
50. Patrick Morse
51. Kathleen Nelson
52. Susan Newland
53. Cintia Pace
54. Gina Page-Nelson
55. Jacqueline Parsons
56. Susan Pence
57. Francisca Perez
58. Joanne Pergola
59. Andrea Power
60. Julia Raymond-Green
61. Deborah Roeber
62. Keri Rojas
63. Tammy Rustad
64. Nagisa Saudargas
65. Cynthia Sedustine
66. Tiffany Shelton
67. Angela Smith
68. Jill Strieter
69. Chase Todd
70. Kristin Tompkins
71. Tina Tucker
72. Tirana Vaknin
73. Caroline Vangrieken
74. Malin Vejfors
75. Janice Waitt
76. Lisa Walker
77. Wende Walker
78. Linda Wright
79. Amy Yon

# Appendix D

Plaintiffs who were not included in Plaintiffs' Rule 26(a)(2)(B) reports and who did not make Rule 26(a)(2)(C) disclosures:

1. Alina Adams
2. Kathy Adams
3. Cynthia Allen
4. Eeva Alminar
5. Ashley Alvarado
6. Kyoungmi An
7. Marcella Anderson
8. Tracey Anderson
9. Patricia Anthony
10. Lyn Augustin
11. Nina Aviles
12. Denise (Debra) Barnes
13. Lynda Barnett (Martin)
14. Javier Bazanstone
15. John Beckstrand
16. Linda Bell
17. Jean Bever
18. Kathlyn Bez
19. Sharon Bishop
20. James Blevins
21. Mary Boerma
22. Karen Bowers
23. Monica Brewer
24. Denise Bryson
25. Faye Butler
26. Antonietta Caldarella
27. Kathy Campbell
28. Maryellen Caner
29. Janet Carpentieri
30. Deborah Carter
31. Denise Chavez
32. Joseph Chiaccio
33. Deborah Christensen-Dahl
34. Breonte Clark
35. Katherine Comerford
36. Geralee Corona
37. Denise Corsello
38. Michael Cortis
39. Kathleen Cotnoir
40. Susan Couvillion
41. Bryce Craps
42. Linda Creech
43. Elaine Davis
44. Toynal Davis
45. Anne Dealy
46. Jennifer Delapenha
47. Henry Devega
48. Nagelah Dieu
49. Michelle Disangro
50. Margaret Dolezal
51. Nancy Dorman
52. De Vere Von Dross
53. Louise Duhamel
54. Molly Dunn
55. Brent Egland
56. Cheryle Erick
57. Jessica Espinosa
58. Lawrence Farrer
59. Eva Farris
60. Leslie Faulk
61. Kimberly Fitch
62. Kathryn Flynn
63. Judith Franzen
64. Belissa Fuentes
65. Myra Fuji
66. Deborah Gaddy
67. Denise Garcia
68. Norma Garcia
69. Judy Garrett
70. Bailey Garrison
71. Sarah Gerard
72. Blair Glover
73. Mari Godbolt
74. John Gold
75. Linda Goleski
76. Maryjo Gondek
77. Trena Grady
78. Jamie Grant
79. Misha Greer
80. Carmen Griffith
81. Debra Hadler
82. Christa Haeffner
83. Molly Hair
84. Dorothy Hale
85. Claudette Handke
86. Victoria Hannigan
87. Darla Hansen
88. Samra Harminder
89. Kelli Harris
90. Kelly Harris
91. Kelli Heist
92. Laura Henning
93. Susan Hensley
94. William Herrera
95. Lisa Hogan
96. Judy Hollingsworth
97. Kari Housholder
98. Jeannie Howell
99. Stephanie Hunt
100. Laura Jackson
101. Shannon Johnsen
102. De Jur Veronique Jones
103. Christopher Joyce
104. Kenneth Kaminski
105. Judie Kirkland
106. Leah Kitts
107. Alan Knapp
108. Kristen Kowalczyk
109. Suprena Kretchman
110. Tsipora Kuba
111. Corinne Kubal
112. Deborah Kuhn
113. Laura Lackten
114. Vernon Lacorte
115. Lisa Lamkins
116. Maria Laygo
117. Sylvia Lazard
118. Beth Lepor-Friberg
119. Pamela Leslie
120. Ann Marie Liberatore

121. Geraldine Lindseth
122. Kimberly Locksley
123. Diane Lundstrom
124. Jose Maldonado
125. Deb Marty
126. Eman Marzouq
127. Hasan Mason
128. Michael Mathews
129. Sarah Mathieu
130. Lorna McCalla
131. Michelle McCarron
132. Margaret McDonald
133. Kaitlyn Mcintosh
134. Cheryl McKay
135. Elizabeth McKenzie
136. Deborah McNulty
137. George Mctigue
138. Carmen Meader
139. Lynn Miller
140. Joan Tormey Milton
141. Nicole Misurelli
142. Richard Mogan
143. Leyda Molina
144. Diane Montgomery-Brock
145. Bromley Moore
146. Daisy Morgan
147. Melinda Motor
148. Adilah Muhammad
149. Rebecca Mulligan
150. Rosemary Munzenmayer
151. Bonnie Muro
152. Janet Murphree
153. Wanda Murray
154. Yumiko Nakagami
155. Kimloan Nardo
156. Janet Nelson
157. Deanne Nichelson
158. Charlene Noah
159. Hannah Odafe
160. Muhammed Okedeyi
161. Mary Padau
162. Kayla Parnell
163. Angela Patterson
164. Jeanette Pedroni
165. Karina Perez
166. Virgina Perez

167. Laurie Peterson
168. Tina Peterson-Fong
169. Nancy Petrone
170. Yanick Picault-Cadet
171. Gina Pickett
172. Beatrice Pinon
173. Tina Pipkin
174. Mario Porterfield
175. Shana Provost
176. Jacqueline Quigley
177. Antoinette Qvistorff
178. Laquail Ramos
179. Mary Reed
180. Lois Reinke
181. Stephanie Rhynes
182. Kimberly Richa
183. Leicha Richardson
184. Margareta Rohlik
185. Shamil Rojas
186. Danielle Sanders
187. Monica Santamaria
188. Lisa Satterfield
189. Meghan Schaefer
190. Philip Schiefer
191. Kristine Schmidt
192. Brandis Scoggins
193. Aimee Seehausen
194. Lisa Seibert
195. Kristen Shaker
196. Alethea Sheppard
197. Michelle Sherack
198. Amber Smith
199. Karen Spease
200. Carolyn Spiller
201. Angie Spradling
202. Staci Spurlock
203. Debra Stanley-Stewart
204. D'Ericka Stevenson
205. Suzanne Stewart
206. Colette Stickley
207. Karen Stokes
208. Nikki Stone
209. Patricia Sutherland
210. Rebecca Sydeski
211. Colleen Sylves
212. Randa Talley

213. Delik (Dilek) Tas
214. Susan Tate
215. Laurie Tesch
216. Holly Thompson
217. Jason Thompson
218. Susan Thompson
219. Kimberly Tobin
220. Linda Tomson
221. Hope Tucker
222. Lisa Uddin-Barneswright
223. Teri Unsworth
224. Marina Voris
225. Carol Walker
226. Lauri Walters
227. Diane White
228. Dena Wilson
229. Johanna Winkler
230. Terri Winslow
231. Cindy Wood
232. Lisa Woodcock
233. Leah Wotipka
234. Kathy Duncan Young
235. Patricia Zopfi
236. Christina Zrizri