IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GWYNETH GILBERT, MICHAEL MARTE,
MONICA DESCRESCENTIS, RACHEL ABUKHDEIR,
and STEPHANIE ANDREWS, et al.,

                    ORDER

      Plaintiffs,

  v.                  19-cv-823-jdp
                      19-cv-1066-jdp

LANDS' END, INC.,

      Defendant.

---

  Plaintiffs in these consolidated cases are current and former Delta Airlines employees who contend the defendant Lands' End manufactured uniforms that transferred dye onto clothing and other property, causing health problems and property damage. Plaintiffs sue Lands' End on theories of negligence, design defect, manufacturing defect, failure to warn, breach of implied and express warranties, and for violations of the Magnuson-Moss Warranty Act (MMWA). Dkt. 48.[1]

  On July 8, 2022, the court granted summary judgment to Lands' End on plaintiffs' personal injury claims and directed the parties to propose a schedule to resolve the claims remaining in the case. Dkt. 221. The parties did so but stated in their joint filing that they "disagree about whether th[e] surviving claims include non-property damage-based breach of warranty claims." Dkt. 224, at 2–3. So, the court held a status conference and ordered the parties to submit briefing on the scope of remaining claims. Dkt. 225. The parties have

---

[1] Docket citations are to case number 19-cv-823-jdp.

submitted their briefs and the court is now prepared to resolve the disputes over the scope of remaining claims and issue a schedule for the next phase of this case.

The parties agree that plaintiffs' property damage claims have not been dismissed from the case but disagree over whether there remain any other live claims. Plaintiffs contend that they can still pursue claims that the uniforms caused Delta employees to "experience physical discomfort," and that plaintiffs who haven't returned their uniforms for an exchange or refund "should have some remedy" even if they didn't suffer any property damage. Dkt. 227, at 6–9. Defendants contend that the court's two prior summary judgment orders foreclose any such relief. Dkt. 228. The parties also dispute whether Lands' End has waived any defenses, and whether certain causes of action have been dismissed.

The import of the court's previous orders is that the only claims that remain to be adjudicated in this case are those relating to property damage. In its first order, the court concluded that § 8.B of the Uniform Apparel Agreement (UAA), which allows Delta employees to return garments for an exchange or refund if they are not 100% satisfied, provides the exclusive remedy for plaintiffs seeking to recover the value of their garments. Dkt. 165, at 6–9. Plaintiffs didn't present any evidence, or even plead, that they had tried to return their uniforms or that Lands' End failed to comply with the procedures set forth in § 8.B. *Id.*, at 8. To the contrary, the evidence showed that employees who returned their garments were able to receive a refund with relative ease. *Id.* So, the court granted summary judgment for Lands' End on the 100% satisfaction claim. *Id.*, at 9. Plaintiffs now contend that they have received "credible complaints" that some employees have been unable to return their uniforms or have faced "difficulties" with the return process. Dkt. 227, at 5. Plaintiffs propose a case schedule that would have the court oversee a return and refund process resembling the one in § 8.B. *Id.*,

2

at 11–12. But plaintiffs already had their chance on this theory and the issue was decided. And regardless, there is no need for a court order relating to the returns: Lands' End has repeatedly explained that employees can return their uniforms for a refund or exchange at any time. Dkt. 228, at 6–7.

Plaintiffs also cannot recover on claims for "physical discomfort." In its second summary judgment order, the court dismissed plaintiffs' personal injury-based claims because plaintiffs failed to carry their burden on causation. Dkt. 221. The same reasoning applies to claims based on physical discomfort. Plaintiffs have not offered any evidence showing that the potentially harmful chemicals found on the garments rendered the garments defective, or that the chemicals transferred to plaintiffs at doses capable of causing physical discomfort.

The parties also disagree over which defenses and causes of action remain in the case. Plaintiffs suggest that Lands' End has forfeited its chance to move for summary judgment on plaintiffs' MMWA claims because the deadline for dispositive motions under Phase I of the court's discovery plan has passed. Dkt. 227, at 9–10. Lands' End maintains that it can still challenge MMWA claims in Phase II. Dkt. 228, at 12. Lands' End also contends that the court's first summary judgment order disposed of all breach of express warranty claims, and asks the court to dismiss plaintiffs' negligence, design defect, and manufacturing defect causes of action for want of prosecution. *Id.*, at 6 n.1, 10–11.

As for the MMWA claims, none of the court's prior orders preclude Lands' End from challenging those claims in Phase II, so Lands' End can still do so. As for the other causes of action in plaintiffs' complaint, the court has not dismissed any cause of action from this case, only certain theories upon which causes of action may be based. As discussed above, the first summary judgment order dismissed plaintiffs' claims based on the UAA's refund or exchange

3

provision, § 8.B. Dkt. 165, at 6–9. Lands' End contends that § 8.B is the "sole remedy" for *any* breach of express warranty under the UAA, and consequently, all of plaintiffs' breach of express warranty claims are out. Dkt. 228, at 10–11. But the upshot of the first summary judgment order wasn't that all express warranty claims are dismissed, it was that plaintiffs may no longer seek damages for the value of their garments, regardless of the cause of action on which recovery is sought. Indeed, the first order explicitly held that plaintiffs' express and implied warranty claims based on crocking are still alive. Dkt. 165, at 14–15. So, if a plaintiff has a claim for property damage, she may still pursue that claim under any cause of action named in the complaint.

Finally, Lands' End asks the court to dismiss several causes of action. Although the court isn't aware of evidence to support some of plaintiffs' causes of action, such as negligence, the court wouldn't dismiss any claims without first giving plaintiffs a chance to respond. And because the parties have proposed a plan that could resolve plaintiffs' claims without the court's intervention, adding further briefing now would risk delaying the settlement process and waste time and effort. The court therefore denies Lands' End's request to dismiss plaintiffs' negligence, design defect, and manufacturing defect claims at this stage. After the parties have tried to settle the remaining claims, if Lands' End wants to seek dismissal of some causes of action, Lands' End can move to do so.

In line with the parties' proposals, the schedule for resolving the remaining claims will be as follows:

- The parties may have until January 17, 2023, to submit to the court an agreed list of plaintiffs who did not assert a property damage claim in a sworn statement or discovery response in connection with this matter. For those individuals, there

4

are no remaining claims, so the court will enter an order dismissing all claims of those plaintiffs.

- Plaintiffs may have until March 1, 2023, to send to Lands' End the name of each individual plaintiff who previously asserted a property damage claim and who wishes to pursue such claim along with the individual plaintiff's settlement demand and all plaintiff-specific evidence that they possess to support the claim.
- Lands' End may have until May 1, 2023, to respond to each individual plaintiff's settlement demand.
- If any claims have not been settled, the parties may have until May 31, 2023, to submit a proposed schedule to litigate those claims.

Entered December 1, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge